■ Court Tobacco Stores, Inc., Appellant, v. Great Eastern Insurance Company et al., Respondents, and Workmen's and Suffolk Mutual Insurance Co., Defendant.— In an action for reformation of fire insurance policies and to recover thereon for fire loss, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered on May 21, 1970, in favor of defendants Great Eastern Insurance Company, Sterling Insurance Company and Allcity Insurance Company, after a nonjury trial. Judgment reversed, on the law and the facts and in the interests of justice, and a new trial granted, with costs to abide the event. Plaintiff was the owner of a shop selling tobacco and like merchandise. Defendants issued insurance policies covering the contents of the shop against loss by fire. On February 1, 1966 a fire in the premises resulted in damage to the contents. The policies described plaintiff as " Court Tobacco Co., 1110 Eastern Parkway, Brooklyn, New York", instead of " Court Tobacco Stores, Inc.", plaintiff's true name. The address stated in the policies, however, correctly described the location of plaintiff's shop. After the fire, at the request of plaintiff's broker, defendants' agent issued an indorsement on each of the policies, changing the description of plaintiff to its true name, effective January 1, 1966. Upon the refusal of defendants to pay plaintiff's loss under the policies, plaintiff instituted this action, in which, among other relief, reformation of the policies was sought to describe plaintiff by its correct title on the ground that the incorrect description of plaintiff was inserted in the policies by mutual mistake of the parties. Only the issue of reformation was tried by the court. The trial court granted judgment against plaintiff on the theory that plaintiff's broker had mistakenly requested coverage under the name written in the policies; that, though plaintiff had acted under a mistake, defendants had not, because they had complied with the broker's request; and that, accordingly, unilateral and not mutual mistake was at most established. We think this theory cannot be sustained. Prima facie, when it is established that, through innocent mistake of an applicant for insurance, the nature of the ownership of the property to be insured, whether individual or corporate, is misdescribed, the error is mutual for purposes of reformation, even though the insurer is not aware of the error (see *Snell* v. *Insurance Co.,* 98 U. S. 85; *Jewell* v. *United Fire & Cas. Co.,* 25 Wis. 2d 509; Ann., 25 ALR 3d 580; Ann., 1 ALR 3d 885; 13 Williston, Contracts [3d ed.], § 1568B). " The name of the insured in the policy is not always important if the intent to cover the risk is clear " (*Matter of Lipschitz* v. *Hotel*

*Charles,* 226 App. Div. 839, 840, affd. 252 N. Y. 518). The policies correctly stated the character and location of the merchandise insured. Without proof of concealment by plaintiff or its broker with the intent to deceive defendants, or proof that defendants, for good and sufficient reason, would not have accepted the risk, plaintiff would be entitled to reformation on the showing of mistake by both parties in the description of the owner in the policies. The retention of the policies without discovery of the error until the happening of the loss is not of itself fatal to plaintiff's cause for reformation (*Lewitt & Co.* v. *Jewelers' Safety Fund Soc.,* 249 N. Y. 217, 223). There was lacking in this record sufficient proof that defendants would not have issued the policies if they had known of the corporate ownership or if they had known that there had been previous fires on the premises. Defendants' representatives merely testified that the knowledge of these facts would have been a factor influencing defendants' decisions to insure the risk. Nor was there evidence in the record that files were maintained by defendants or their underwriters with respect to fire losses suffered by individuals separately from files for corporations, although defendants' briefs submitted on this appeal make that claim. Consequently, there should be a new trial in the interests of justice, so that all parties shall have the opportunity to develop fully the proof relating to the application for and the issuance of the policies, the practices of defendants and the indorsements issued by the defendants' agent. Rabin, P. J., Hopkins and Shapiro, JJ., concur; Munder and Latham, JJ., dissent and vote to affirm.