■ ANTHONY M. CRIVELLA, Doing Business as THE RITZ, et al., Appellants, v TRANSIT CASUALTY COMPANY et al., Respondents.—Order unanimously reversed, on the law, with costs, and motion granted. Memorandum: In this action for reformation of a fire insurance policy to include additional insureds, Special Term erred in denying summary judgment to the plaintiff. Plaintiff Crivella operated a nightclub known as "The Ritz" at 1203 Butternut Street in Syracuse. Defendant David A. Buono, the owner of this property, leased it to the plaintiff Panelcos Linkers Corporation (PLC) which then sublet it to Crivella. Both leases contained a provision that the contents of the premises were to be insured in a policy naming Buono and PLC as loss payees. Crivella contacted defendant Liverpool Associates Insurance Agency and applied for coverage. A multiperil policy which named Crivella as owner was issued by defendant Transit Casualty Company on February 13, 1984. On May 2, 1984, a fire totally destroyed the contents of the premises. When he discovered that PLC and Buono were not included in the policy, Crivella's attorney

requested that the broker issue a change of interest indorsement naming PLC and Buono as loss payees and/or additional insureds to comply with the lease conditions. A change indorsement was thereafter issued by the broker effective February 13, 1984. When defendant Transit Casualty Company rejected the claim on the basis that Crivella had failed to prove an insurance interest in the contents, plaintiffs instituted this action seeking reformation of the policy to correctly identify the interest of the parties.

In denying plaintiff's motion on its first cause of action, Special Term found that the affidavit by plaintiff's attorney, "who does not state that he was a witness to the purchase of the policy", was not legally sufficient to support summary judgment. On this record such personal knowledge is not required. Plaintiff introduced proof that the building and contents which the insurer intended to insure were those it actually did insure. When, through innocent mistake, the nature of the ownership of the property to be insured is misdescribed, that constitutes mutual error for purposes of reformation, even though the insurer is not aware of the error *(Court Tobacco Stores v Great E. Ins. Co.,* 43 AD2d 561). "The name of the insured in the policy is not always important if the intent to cover the risk is clear." *(Matter of Lipshitz v Hotel Charles,* 226 App Div 839, 840, *affd* 252 NY 518). Moreover, since defendants did not assert any reason for opposing the reformation of the insurance contract to include the additional insureds, they have no reason to deny plaintiff's coverage as coinsured *(Union Sta. Rest. v North Am. Co.,* 59 AD2d 270, 275). Having accepted plaintiffs' premium payment, having intended to insure the very property it insured, and having asserted no reason for denying the assumption of risk in question, there is no justification for denying plaintiffs the equitable remedy of reformation. (Appeal from order of Supreme Court, Onondaga County, Lynch, J.—summary judgment.) Present—Callahan, J. P., Denman, Boomer, Pine and Schnepp, JJ.