(March 9, 1987)

■ MOHAMED ABULAYNAIN, Respondent, v NEW YORK MERCHANT BAKERS MUTUAL FIRE INSURANCE Co., Appellant, et al., Defendants.—In an action, *inter alia,* for reformation of a fire insurance policy and to recover thereon for fire damage, the defendant New York Merchant Bakers Mutual Fire Insurance Co. appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Kings County (I. Aronin, J.), dated October 18, 1985, as, after a nonjury trial, reformed the insurance policy to cover the damaged premises.

Ordered that the interlocutory judgment is affirmed insofar as appealed from, with costs.

The evidence adduced at the trial established that the plaintiff's insurance broker had inadvertently conveyed to the insurer's agent the incorrect address of the premises whose

contents were to be insured. Although even an innocently made factual misrepresentation may serve to void an insurance contract, such is the case only if "knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract" (Insurance Law § 3105 [b]). At bar, the insurer failed to establish that predicate fact, and, accordingly, the trial court acted properly in declining to void the contract. Moreover, it was established on cross-examination of the insurer's own underwriting manager that he would issue a policy on a frame structure in a "prime area" and that the location of the plaintiff's store was in a "prime area". Under these circumstances, the trial court cannot be said to have acted improperly in concluding that the plaintiff was entitled to reformation of the policy to reflect the actual address of his store (see, Court Tobacco Stores v Great E. Ins. Co., 43 AD2d 561; Le Gendre v Scottish Union & Natl. Ins. Co., 95 App Div 562).

We have considered the appellant's remaining contentions and have found them to be without merit. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.