■ BIENVENIDA PENA, Doing Business as BIENVENIDA BRIDAL SHOP, Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION et al., Respondents.—Order and Judg-

ment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered on or about March 14, 1990, which, *inter alia*, granted the motion by defendant New York Property Insurance Underwriting Association ("New York Property") for summary judgment dismissing the complaint as against it, granted the cross-motion by defendant Prudential Insurance Company of America ("Prudential") for summary judgment dismissing the complaint as against it, and which denied plaintiff's cross motion for summary judgment as against defendants New York Property and Prudential, unanimously modified, on the law, to deny the respective motion and cross-motion by defendants New York Property and Prudential for summary judgment dismissing the complaint, and otherwise affirmed, with costs.

Plaintiff commenced the underlying action to reform a fire insurance policy procured for plaintiff by Prudential's alleged representative, defendant Jorge Aristizabal, and issued by defendant New York Property, so as to reflect the correct address of plaintiff's fire-damaged premises, 103-03 41st Avenue, Corona, New York. Plaintiff also sought monetary damages premised upon breach of contract and negligence in procuring the policy.

Upon examination of the record, we find that triable issues of fact, precluding summary judgment in favor of defendants New York Property and Prudential, exist as to whether the plaintiff was entitled to the equitable remedy of reformation upon the theory of mutual mistake *(Crivella v Transit Cas. Co.,* 116 AD2d 1007, 1008), whether knowledge of the facts misrepresented would have led to a refusal by the insurer to issue the policy as to which issue defendant carrier bears the burden of proof *(Abulaynain v New York Merchant Bakers Mut. Fire Ins. Co.,* 128 AD2d 575, 576), and as to whether the acts and statements of defendant Aristizabal, in procuring the insurance coverage on plaintiff's behalf were adopted or ratified by his alleged principal, defendant Prudential. *(Ford v Unity Hosp.,* 32 NY2d 464, 472.) Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Kassal, JJ.