■ RONALD TESTA et al., Respondents, v UTICA FIRE INSUR-

ANCE COMPANY, Appellant, et al., Defendant. (And a Third-Party Action.) [610 NYS2d 85] —In an action, *inter alia,* to recover under a fire insurance policy, the defendant Utica Fire Insurance Company appeals from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated April 7, 1992, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

We agree with the Supreme Court that the evidence in the record is insufficient to warrant summary judgment dismissing the complaint. Reformation has been allowed in insurance cases where the insured's premises are not as described in the policy but the insurer has not shown that it would not have insured the premises had it known the true facts *(see, Pena v New York Prop. Ins. Underwriting Assn.,* 172 AD2d 393; *Abulaynain v New York Merchant Bakers Mut. Fire Ins. Co.,* 128 AD2d 575; *Court Tobacco Stores v Great E. Ins. Co.,* 43 AD2d 561). Here, the defendant insurer's senior vice-president admitted that for a higher premium the insurer would have issued coverage of the plaintiff's premises without a sprinkler system. There is no allegation that the plaintiffs misrepresented their building as having a working sprinkler system. In fact, the insurer admitted that it obtained the information that the building was a "sprinklered risk" from the Insurance Service Organization. Moreover, there is evidence that upon receiving the policy purporting to cover a building with a sprinkler system, the plaintiff's agent contacted the issuing insurance agency and attempted to correct the error *(compare, Town of German Flats v Aetna Cas. & Sur. Co.,* 174 AD2d 1003; *Ogdensburg Bldg. Supply v Lumber Mut. Ins. Co.,* 102 AD2d 960). Under the circumstances, it cannot be said that the Supreme Court acted improperly in denying the insurer's motion. Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.