■ NATURE'S WAY ENVIRONMENTAL CONSULTANTS AND CONTRACTORS, INC., Respondent, v STATE INSURANCE FUND, Appellant. [637 NYS2d 887] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Petitioner commenced this CPLR article 78 proceeding to annul the determination of respondent, State Insurance Fund, which denied its application for workers' compensation insurance. Respondent denied the application on the ground that petitioner was controlled, directly or indirectly, within the meaning of Workers' Compensation Law § 93 (c), by Russel Savage, owner and president of Nature's Way, Inc., a company whose former policy of insurance with respondent was cancelled for non-payment of a premium that remained unpaid. Supreme Court annulled the determination and directed respondent to issue workers' compensation insurance to petitioner, retroactive to the date of its application. That was error.

At the hearing on the petition, Russel Savage testified that he was president of Nature's Way, Inc., which had workers' compensation insurance with respondent. That business was notified on or about March 31, 1995 that the coverage was be-

ing cancelled effective April 24, 1995 for non-payment of premium. A certificate of incorporation was executed for petitioner on April 21, 1995; that certificate provided a date of incorporation of April 26, 1995. The owners and sole stockholders of petitioner are Violet and Ronald Savage, Russel Savage's parents.

On April 24, 1995, Russel Savage, on behalf of petitioner, applied to respondent for workers' compensation insurance. The accompanying check is signed by Russel Savage as petitioner's operations manager. The record establishes that petitioner is in the same business, is located at the same address and has the same telephone number as Nature's Way, Inc. Russel Savage testified that, as operations manager for petitioner, his responsibilities include finding and organizing work, making estimates, organizing and obtaining employees and equipment, supervising the employees and collecting payment for contracts. He is also authorized to sign checks for petitioner. Petitioner is performing the contracts previously entered into by Nature's Way, Inc., and all of the assets of that company, including the equipment, are being transferred to petitioner. Russel Savage further testified that, although petitioner is acquiring the assets of Nature's Way, Inc., it is not acquiring the liability for past-due workers' compensation insurance premiums.

Pursuant to Workers' Compensation Law § 93 (c), respondent may refuse to write a policy of insurance for an employer who is owned or controlled, directly or indirectly, by any person whose former policy of insurance with respondent was cancelled for non-payment of premium that remains unpaid. The purpose of that statute is to prevent persons who owned or controlled a defaulting policyholder from applying and receiving insurance under a different guise (see, Mem of Sen. Lack in support of 1993 Senate Bill 3766-A, Bill Jacket, L 1993, ch 313). Moreover, because respondent is responsible for the administration of Workers' Compensation Law § 93 (c), its construction of that statute will be upheld unless it is irrational or unreasonable (see, Matter of Howard v Wyman, 28 NY2d 434, 438, rearg denied 29 NY2d 749). The record establishes that the conclusion of respondent is neither arbitrary and capricious nor affected by an error of law and, thus, it must be upheld (see, CPLR 7803 [3]; Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757-758). (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—CPLR art 78.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.