SECOND DEPARTMENT, JUNE, 1996

(June 3, 1996)

■ Azad Anand et al., Appellants, v GA Insurance Company of New York, Respondent. [643 NYS2d 661]

The plaintiff Azad Anand is a physician who is the sole shareholder of a radiological medical practice known as Rego Park Radiology, P. C. (hereinafter the P. C.). He is also the sole shareholder of Rego Junction, Inc. (hereinafter Rego Junction), which owns the condominium in which the business of the P. C. is conducted. For the period February 24, 1992, to February 24, 1993, Rego Junction was insured by a special business owners policy of insurance issued by the defendant. The only business conducted by Rego Junction was its ownership of the premises in which the P. C. conducted its radiological business.

In March and April 1992, the premises owned by Rego Junction, which had yet to open for business, was burglarized. These burglaries occurred during the construction of the office and the only items taken were parts of a magnetic resonance imaging machine (hereinafter MRI) that the P. C. had purchased from Siemens Medical Systems, Inc. (hereinafter Siemens). Because the March burglary reportedly occurred during the installation of the MRI, it was reported only to Siemens as there was a possibility that replacement parts would be furnished by Siemens at no charge to the P. C. Following the April burglary, the insurance broker who sold the special business owners policy to Rego Junction was promptly notified. However, it appears that due to the highly complicated and technical nature of the MRI machine, a Siemens technician had to identify and value each of the missing parts before an itemized claim could be made. A property loss notice was submitted on or about April 24, 1992.

Under the circumstances of this case, the court improvidently exercised its discretion in denying that branch of the cross motion which was to add causes of action to reform the policy of insurance. As this Court has previously held, when it is established that as a result of an innocent mistake of an applicant for insurance the identity of the owner is misdescribed, the error is mutual for purposes of reformation, notwithstanding that the insurer is unaware of the error (*see, Crivella v*

*Transit Cas. Co.,* 116 AD2d 1007; *Court Tobacco Stores v Great E. Ins. Co.,* 43 AD2d 561). Indeed, " '[t]he name of the insured in the policy is not always important if the intent to cover the risk is clear' " (*Crivella v Transit Cas. Co., supra,* at 1008, quoting *Matter of Lipshitz v Hotel Charles,* 226 App Div 839, 840, *affd* 252 NY 518; *see also, Testa v Utica Fire Ins. Co.,* 203 AD2d 357; *Abulaynain v New York Merchant Bankers Mut. Fire Ins. Co.,* 128 AD2d 575).

There are issues of fact as to whether the issuance of the business owners policy to Rego Junction rather than to the P. C. was the result of a mutual mistake as to the identity of the actual insured. We also find that issues of fact exist as to whether notice of the burglaries was provided to the defendant within a reasonable time in light of all of the attendant circumstances (*see, Argentina v Ostego Mut. Fire Ins. Co.,* 86 NY2d 748). Therefore, the defendant's motion for summary judgment dismissing the complaint should be denied, and further proceedings are warranted on the amended complaint. Rosenblatt, J. P., Miller, Pizzuto and Goldstein, JJ., concur.