■ MICHAEL DeSANTIS, Respondent, et al., Plaintiffs, v DRYDEN MUTUAL INSURANCE COMPANY, Appellant, and FRANK GARA et al., Respondents. [661 NYS2d 395] —Order affirmed with costs. Memorandum: In June 1992 Dryden Mutual Insurance Company (defendant) issued a fire insurance policy to plaintiff P.M. Niagara Rock & Dance Club, Inc. (P.M. Niagara), providing coverage for a commercial building owned by Michael DeSantis (plaintiff) and leased to P.M. Niagara. Plaintiff, who served as president of P.M. Niagara, signed the insurance application and paid the initial premium. A fire destroyed plaintiff's building on February 6, 1994, and defendant was notified of the loss. Defendant disclaimed coverage in July 1994 on the ground, among others, that P.M. Niagara failed to submit timely proof of loss, as required by the policy. Plaintiff thereafter commenced this action for breach of contract and reformation of the insurance policy to add plaintiff as an insured.

Supreme Court properly granted that part of plaintiff's motion for summary judgment on the cause of action seeking reformation of the policy. We note that, while the order does not specify that it is granting that aspect of plaintiff's motion, the order incorporates the decision by reference, and the decision so provides (*see generally, Matter of Edward V.*, 204 AD2d 1060). Although ownership of the property is misdescribed, the policy correctly identifies the building that defendant agreed to insure (*see, Union Sta. Rest. v North Am. Co. for Prop. & Cas. Ins.*, 59 AD2d 270, 275-276). "Having accepted plaintiff['s] premium payment, having intended to insure the very property it insured, and having asserted no reason for denying the assumption of risk in question, there is no justification for denying plaintiff[ ] the equitable remedy of reformation" (*Crivella v Transit Cas. Co.*, 116 AD2d 1007, 1008).

The court also properly denied defendant's cross motion for summary judgment dismissing the amended complaint on the ground that plaintiff failed to comply with the policy's proof of loss provisions. Plaintiff submitted proof that, two days after the fire, he provided a detailed, signed statement to defendant's agent identifying the nature and extent of the loss. That state-

ment satisfied plaintiff's obligation under the policy to furnish defendant with proof of loss (*see generally,* Insurance Law § 3407; *Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 63 NY2d 201, 209-210), and plaintiff had no further obligation to furnish proof of loss a second time on the forms supplied by defendant. "[N]o particular form of proof of loss is required as long as the proof submitted is sufficient to enable the insurer to consider its rights and liabilities" (*P.S. Auctions v Exchange Mut. Ins. Co.,* 105 AD2d 473, 475, citing *D. C. G. Trucking Corp. v Zurich Ins. Co.,* 81 AD2d 990, 991, *lv denied* 54 NY2d 605). "Substantial and not strict compliance with the provision of such forms is all that is required" (*P.S. Auctions v Exchange Mut. Ins. Co., supra,* at 475). Thus, the court properly determined that the defense based upon plaintiff's failure to submit timely proof of loss lacks merit, and the court properly granted that part of plaintiff's motion for partial summary judgment on the issue of liability.

All concur except Pine, J., who dissents and votes to reverse in the following Memorandum.

Pine, J. (dissenting). I respectfully dissent and vote to reverse and grant the motion of Dryden Mutual Insurance Company (defendant) for summary judgment dismissing the amended complaint against it. As a matter of law, failure to file a sworn proof of loss within 60 days of defendant's request, as required by the terms of the policy, is an absolute defense to the action of Michael DeSantis (plaintiff) (*see, Maleh v New York Prop. Ins. Underwriting Assn.,* 64 NY2d 613; *see also, Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 63 NY2d 201, 214). It is irrelevant that plaintiff gave defendant's agent a written statement identifying the nature and extent of the loss two days after the fire. Although plaintiff signed each page of that statement and the statement provides at the end that "I have read the above and pages 1-8 and they are true and correct to the best of my knowledge," the statement is not sworn. While no specific form is required for an oath or affirmation (*see,* CPLR 2309 [b]), either must be administered by a person authorized to take acknowledgements of deeds by the Real Property Law or any person authorized by the laws of this State to receive evidence (CPLR 2309 [a]). There is nothing in the record to indicate that the claims adjuster qualifies on either basis. Furthermore, Penal Law § 210.00 defines terms for purposes of perjury prosecution. It is clear that the statement made by plaintiff, if it were false, would not support a perjury charge (*see, People v Grier,* 42 AD2d 803), while a false sworn statement would. Thus, it can-

not be said that the statement made two days after the fire constitutes a sworn proof of loss to which defendant was entitled (*see, New York Prop. Ins. Underwriting Assn. v Primary Realty*, 166 AD2d 376). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Green, J. P., Pine, Lawton, Callahan and Fallon, JJ.