■ NEW YORK CASUALTY INSURANCE COMPANY, Appellant, v SHAKER PINE, INC., et al., Defendants and Third-Party Plaintiffs-Respondents, and CHRISTOFORO RICCIO et al., Respondents. AVID INSURANCE et al., Third-Party Defendants-Respondents. [691 NYS2d 601] —Mercure, J. Appeal from an order and judgment of the Supreme Court (Kramer, J.), entered August 12, 1998 in Schenectady County, which, *inter alia*, granted defendants' motions for summary judgment and declared that plaintiff is obligated to defend and indemnify defendants Shaker Pine, Inc., Richard Rosetti, Rosetti Falvey Real Estate, Inc. and R & R Rosetti Electric, Inc. in an underlying personal injury action.

Plaintiff issued a builder's risk insurance policy effective June 13, 1991 covering real property situated at 1031 Watervliet-Shaker Road in the Town of Colonie, Albany County. The named insured on the policy, Rosetti Associates, was an apparent nonentity. The actual owner of the property was defendant Shaker Pine, Inc. As the result of a worksite injury allegedly sustained on June 20, 1991, defendant Christoforo Riccio commenced an action (hereinafter the underlying action) against, among others, Shaker Pine, as owner of the building in which the accident occurred, and defendant Richard Rosetti, as owner and/or general contractor with respect to the building (hereinafter collectively referred to as Shaker Pine).

On March 18, 1993, plaintiff advised Shaker Pine that it would provide Shaker Pine with a defense in the underlying action. On October 5, 1995, however, plaintiff advised Shaker Pine that as of November 1, 1995 it would no longer pay for Shaker Pine's legal defense because Shaker Pine was not an insured under the policy at the time of Riccio's accident. Then, by letter dated November 11, 1996, plaintiff advised Shaker Pine that it would resume the defense of the underlying action but reserved its right to contest coverage for the reasons set forth in its October 5, 1995 letter.

Plaintiff commenced this action in March 1997, seeking a declaration that it was not required to defend or indemnify Shaker Pine or other related entities that had been named as defendants because they were not covered under the policy. Following joinder of issue, Shaker Pine moved and plaintiff and other interested parties cross-moved for summary judgment. Supreme Court denied plaintiff's cross motion but granted the remaining parties' motions and declared that plaintiff is obligated to provide a defense. Plaintiff appeals.

We affirm. As limited by plaintiff's brief, the sole issue for our consideration is whether, because Shaker Pine was not at the time of Riccio's accident named or described as an insured under the terms of the policy issued by plaintiff, plaintiff's failure to timely disclaim coverage did not impair its subsequent entitlement to a declaration that it had no obligation to defend or indemnify Shaker Pine. Although plaintiff is correct in its contention that a failure to timely disclaim coverage will not serve to create coverage when none existed in the first instance (*see, Zappone v Home Ins. Co.*, 55 NY2d 131, 135-136), we conclude that there was no such absence of coverage in this case.

It is undisputed that the subject policy was procured in order to insure against risks attendant to a commercial construction project on a specified parcel of property. Obviously, it was the character of the property and the project that was proposed to be undertaken thereon (both of which were properly identified) that defined the risk; the identity of the owner was comparatively unimportant. Recognizing that "[t]he name of the insured in the policy is not always important if the intent to cover the risk is clear" (*Matter of Lipshitz v Hotel Charles*, 226 App Div 839, 840, *affd* 252 NY 518; *see, Anand v GA Ins. Co. of N. Y.*, 228 AD2d 397, 398-399; *Crivella v Transit Cas. Co.*, 116 AD2d 1007, 1008; *Court Tobacco Stores v Great E. Ins. Co.*, 43 AD2d 561), it is our view that Shaker Pine was entitled to equitable reformation of the policy to correct the obvious in-

advertent misidentification of the named insured (*see, id.*). In fact, plaintiff makes no contrary argument. Under the circumstances, we conclude that Supreme Court did not err in granting judgment in favor of defendants Shaker Pine, Inc., Richard Rosetti, Rosetti Falvey Real Estate, Inc. and R & R Rosetti Electric, Inc.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the order and judgment is affirmed, with one bill of costs.