■ STANLEY CHEPERUK et al., Appellants-Respondents, v LIBERTY MUTUAL FIRE INSURANCE COMPANY, Respondent-Appellant. [693 NYS2d 304] —Graffeo, J. Cross appeals from an order of the Supreme Court (Connor, J.), entered January 13, 1999 in Greene County, which denied plaintiffs' and defendant's motions for partial summary judgment.

Plaintiff Stanley Cheperuk contracted with defendant to provide a homeowner's insurance policy for residential property in Greene County. At the time the policy was issued, Union Bank was the holder of the mortgage and therefore named as the mortgagee on the policy. In March 1995, Union Bank assigned the mortgage to Union Deposit Loan and Investment Bank, but defendant was not instructed to modify the policy to reflect this change in the named mortgagee. Thereafter, the mortgage was assigned to First Union Home Equity Bank.

After their home was destroyed by a fire in February 1996, plaintiffs filed a proof of loss in support of their claim for fire damages. After its investigation, defendant denied the claim alleging that plaintiffs may have been involved in causing the fire. Rejection of the claim prompted plaintiffs to commence this breach of contract action contending, *inter alia*, entitlement to proceeds under the terms of the insurance policy. In their amended complaint plaintiffs interposed a second cause of action seeking reformation of the insurance policy to correct the name of the mortgagee from Union Bank to First Union. Plaintiffs moved for partial summary judgment on the second cause of action and defendant cross-moved for summary judgment dismissing the second cause of action on the basis that First Union was not a party to the contract and that the claim was untimely. Supreme Court denied both motions finding that a question of fact existed with respect to plaintiffs' alleged role in setting the fire. This appeal by both parties ensued.

A party is entitled to reformation where "the writing in question was executed under mutual mistake or unilateral mistake coupled with fraud" (*Leavitt-Berner Tanning Corp. v American Home Assur. Co.*, 129 AD2d 199, 201-202, *lv denied* 70 NY2d 609; *see, Keiser v Goetz*, 235 AD2d 689). Where it is apparent that an innocent mistake occurred with respect to a named insured and it is evident that the parties intended to cover the risk, the error may be deemed mutual for purposes of reformation even though the insurer was not aware of the error (*see, Court Tobacco Stores v Great E. Ins. Co.*, 43 AD2d 561; *Matter of Lipschitz v Hotel Charles*, 226 App Div 839, 840, *affd* 252 NY 518). Here, it is clear that the parties intended to cover the risk and the failure to change the name of the mortgagee on the policy was inadvertent. Moreover, defendant does not claim that it would have discontinued coverage had it been informed of the change of mortgagee. Because the identity of the mortgagee was relatively unimportant, we conclude that under these circumstances, plaintiffs were "entitled to equitable reformation of the policy to correct the obvious inadvertent

misidentification" of the named mortgagee (*New York Cas. Ins. Co. v Shaker Pine*, 262 AD2d 735, 736-737; *see, Anand v GA Ins. Co.*, 228 AD2d 397, 398-399; *Crivella v Transit Cas. Co.*, 116 AD2d 1007, 1008; *see also, DeSantis v Dryden Mutual Ins. Co.*, 241 AD2d 916; *Fahy v Security Mut. Life Ins. Co.*, 74 AD2d 984). Accordingly, plaintiffs should have been permitted to reform the contract to identify First Union as the named mortgagee and summary judgment on their second cause of action should have been granted.*

Next, we conclude that defendant's assertion that plaintiffs' second cause of action should be dismissed for failure to commence the action within the two-year limitations period as set forth in the policy of insurance is without merit. Although plaintiffs did not serve the amended complaint within the two-year period, their original complaint was timely filed. Pursuant to CPLR 203 (f), "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading". Plaintiffs' original complaint sufficiently notified defendant of the fire and the underlying facts giving rise to both causes of action emanating from the insurance policy. The facts supporting the second cause of action contained in the amended complaint were specifically included in the original complaint and, therefore, plaintiffs' amended complaint related back to the original complaint for purposes of the applicable limitations period (*see, Caffaro v Trayna*, 35 NY2d 245; *Anderson v Carney*, 161 AD2d 1002; *Weitzenberg v Nassau County Dept. of Recreation & Parks*, 249 AD2d 538).

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as denied plaintiffs' motion for summary judgment on the second cause of action in the amended complaint; motion granted to the extent that insurance policy number H32-221-428491-906-6, issued by defendant, is hereby reformed to identify First Union Home Equity Bank as the mortgagee and defendant is hereby directed to pay said mortgagee in accordance with the terms of said policy; and, as so modified, affirmed.

---

* While defendant argues that reformation is not warranted, it acknowledges that the policy at issue provides coverage to a properly named mortgagee notwithstanding an allegation that the named insured was involved in causing the fire. In light of our holding with respect to reformation, it follows that plaintiffs are entitled to summary judgment with respect to their second cause of action seeking payment on behalf of First Union.