■ COMMISSIONERS OF STATE INSURANCE FUND, Respondent, v KEITH STAULCUP et al., Appellants, et al., Defendant. [945 NYS2d 355]—

In an action, inter alia, to recover unpaid premiums for a workers' compensation insurance policy, the defendants Keith Staulcup and Keith Staulcup, doing business as Long Island Sales Group, Inc., appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Parga, J.), dated March 19, 2010, as granted that branch of the

plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them, and (2) so much of a judgment of the same court entered May 13, 2010, as, upon the order, is in favor of the plaintiff and against them in the principal sums of $160,330.08 on the first cause of action and $480,990.24 on the second and third causes of action. Justice Miller has been substituted for former Presiding Justice Prudenti (*see* 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof which is in favor of the plaintiff and against the defendants Keith Staulcup and Keith Staulcup, doing business as Long Island Sales Group, Inc., in the principal sum of $160,330.08 on the first cause of action; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, that branch of the plaintiff's motion which was for summary judgment on the first cause of action insofar as asserted against the defendants Keith Staulcup and Keith Staulcup, doing business as Long Island Sales Group, Inc., is denied, the order is modified accordingly, the first cause of action insofar as asserted against the defendants Keith Staulcup and Keith Staulcup, doing business as Long Island Sales Group, Inc., is severed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant Keith Staulcup was the president and sole shareholder of the defendant L.I. Sales Group, Inc. In September 1993 an application for workers' compensation insurance (hereinafter the 1993 application) was submitted to the plaintiff, Commissioners of the State Insurance Fund (hereinafter the SIF). The 1993 application was signed by Staulcup, who was identified as the applicant's president, but the applicant was identified, not as L.I. Sales Group, Inc., but as Long Island Sales Group, Inc., a nonexistent entity. After receiving the 1993 application, the SIF issued a workers' compensation insurance policy (hereinafter the policy). In June 2005, the SIF cancelled the Policy, based on nonpayment of premiums.

In October 2006 the SIF commenced the instant action

against Keith Staulcup, Keith Staulcup, doing business as Long Island Sales Group, Inc. (hereinafter together the Staulcup defendants), and L.I. Sales Group, Inc., to recover unpaid premiums on the policy in the principal sum of $160,330.08. The SIF subsequently amended its complaint to add two causes of action, asserted against the Staulcup defendants, to recover damages for statutory fraud under Workers' Compensation Law § 96 (2) and common-law fraud, respectively. The fraud causes of action were based on an allegation that Staulcup had made a material misrepresentation by failing to disclose, in response to a question appearing in the 1993 application, that he had been a principal of General Courier Services, Inc., which owed the SIF the sum of $200,123.48 in unpaid Workers' Compensation insurance premiums.

After the Staulcup defendants joined issue, the SIF moved for summary judgment on the complaint. The Supreme Court granted the SIF's motion, and entered a judgment in favor of the SIF. The Staulcup defendants appeal.

As a general rule, "a person entering into a contract on behalf of a nonexistent corporate entity may be held personally liable on the contract" (*Spring Val. Improvements, LLC v Abajian*, 40 AD3d 619, 619-620 [2007]). In this case, the SIF tendered evidence showing that Staulcup applied for the policy on behalf of a nonexistent corporate entity, Long Island Sales Group, Inc. Accordingly, the SIF demonstrated, prima facie, that Staulcup could be held personally liable for the unpaid insurance premiums (*see Brandes Meat Corp. v Cromer*, 146 AD2d 666, 667 [1989]).

However, the evidence submitted by the Staulcup defendants in opposition was sufficient to raise a triable issue of fact as to whether the use of the name "Long Island Sales Group, Inc.," on the 1993 application was the result of a mutual mistake (*see Clinton v Hope Ins. Co.*, 45 NY 454, 460-461 [1871]; *Anand v GA Ins. Co. of N.Y.*, 228 AD2d 397, 398-399 [1996]; *Flaherty v Broadway Assoc. Ltd. Partnership*, 171 AD2d 938, 938 [1991]; *Crivella v Transit Cas. Co.*, 116 AD2d 1007, 1008 [1986]; *Court Tobacco Stores v Great E. Ins. Co.*, 43 AD2d 561, 561 [1973]). Accordingly, that branch of the SIF's motion which was for summary judgment on the first cause of action insofar as asserted against the Staulcup defendants should have been denied.

The SIF made a prima facie showing of its entitlement to judgment as a matter of law on the second and third causes of action by demonstrating that Staulcup knowingly omitted any reference to General Courier Services, Inc., from the 1993 application, for the purpose of inducing the SIF to rely upon the

misrepresentation (*see* Workers' Compensation Law § 96; *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Jo Ann Homes at Bellmore v Dworetz*, 25 NY2d 112, 119 [1969]; *Northeast Steel Prods., Inc. v John Little Designs, Inc.*, 80 AD3d 585 [2011]; *see also* Workers' Compensation Law § 93 [c]; *Nature's Way Envtl. Consultants & Contrs. v State Ins. Fund*, 224 AD2d 919 [1996]). In opposition, the Staulcup defendants failed to raise a triable issue of fact. Thus, the Supreme Court properly granted those branches of the SIF's motion which were for summary judgment on the second and third causes of action insofar as asserted against the Staulcup defendants.

The Staulcup defendants' remaining contentions are without merit. Skelos, J.P., Balkin, Sgroi and Miller, JJ., concur.