Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered December 6, 2011, which, to the extent appealed from as limited by the briefs, granted the branch of plaintiffs’ cross motion for summary judgment that sought reformation of an insurance policy with defendant Lancer Insurance Company, denied the branch of plaintiffs’ cross motion that sought a declaration in its favor, and granted defendant Lancer’s cross motion for summary judgment, unanimously modified, on the law, to deny the branch of plaintiffs’ cross motion that sought reformation of the policy, and to declare that defendant Lancer is not obligated to defend or indemnify plaintiffs in the underlying personal injury action, and otherwise affirmed, without costs.
Supreme Court should not have reformed the policy issued by Lancer so as to list plaintiffs as the insureds. Every application for insurance submitted to Lancer listed Jay Family Parking, Inc. as the only applicant; plaintiffs were never personally listed as applicants. While plaintiffs correctly contend that reformation is warranted where an insurance applicant “misdescribe[s]” the identity of an owner as “a result of an innocent mistake” (Anand v GA Ins. Co. of N.Y., 228 AD2d 397, 398 [2d Dept 1996]), ownership is not the only issue here. Indeed, Lancer submitted an affidavit from its vice president and associate general counsel stating that Lancer would not have issued the policy if it had known that plaintiffs owned the premises in their personal capacities, and that it did not intend to cover the risk for which plaintiffs now seek coverage (cf. Crivella v Transit Cas. Co., 116 AD2d 1007, 1008 [4th Dept 1986]; Court Tobacco Stores v Great E. Ins. Co., 43 AD2d 561 [2d Dept 1973]).
Supreme Court, however, correctly found that Lancer’s declination of coverage was proper on the ground that the personal injury accident for which plaintiffs seek coverage was not within the scope of the policy. The policy provides coverage for Jay Family Parking’s “garage operations,” which is defined as, among other things, “all operations necessary or incidental to a garage business.” Here, it is undisputed that plaintiffs owned the premises in their personal capacity, that Jay Family Parking did not conduct business at that premises, and that plaintiffs, in their personal capacities, leased the premises for the use of a poultry store and a used car dealer. Neither of these uses are in accordance with the garage non-dealer policy issued *613 by Lancer. Concur — Tom, J.E, Acosta, Saxe, Freedman and Feinman, JJ.