LEXINGTON VILLAGE CONDOMINIUM, Individually and on Behalf of All Unit Owners in Building #5, Respondent, v SCOTTSDALE INSURANCE COMPANY et al., Appellants, OVERLAND SOLUTIONS, INC., Doing Business as SAFETY RESOURCES, Appellant-Respondent, and BAGATTA ASSOCIATES, INC., Respondent. [25 NYS3d 259]—

In an action, inter alia, to recover damages for breach of an insurance contract, the defendants Scottsdale Insurance Company and Overland Solutions, Inc., separately appeal, as limited by their respective briefs, from so much of an order of

the Supreme Court, Suffolk County (Mayer, J.), dated November 29, 2013, as denied their separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, the defendant LIMS, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and on its cross claim for common-law indemnification insofar as asserted against the defendant Bagatta Associates, Inc., and the defendant Insurance Intermediaries, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and on its cross claims for common-law indemnification insofar as asserted against the defendants Bagatta Associates, Inc., and Overland Solutions, Inc.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the motion of the defendant Insurance Intermediaries, Inc., which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and substituting therefor a provision granting those branches of its motion, and (2) by deleting the provision thereof denying, on the merits, those branches of the motion of the defendant Insurance Intermediaries, Inc., which were for summary judgment on its cross claim for common-law indemnification insofar as asserted against Bagatta Associates, Inc., and Overland Solutions, Inc., and substituting therefor a provision denying those branches of the motion as academic; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants Scottsdale Insurance Company, Overland Solutions, Inc., and LIMS, Inc., and one bill of costs to the defendant Insurance Intermediaries, Inc., payable by the plaintiff.

The plaintiff, Lexington Village Condominium (hereinafter Lex Village), a corporation, owned a condominium complex located in Suffolk County. Lex Village retained the defendant LIMS, Inc. (hereinafter LIMS), to provide management services for the complex. In 2002, LIMS contacted the defendant Bagatta Associates, Inc. (hereinafter Bagatta), an insurance broker, to obtain insurance quotes for the Lex Village complex. Bagatta procured an insurance policy that was renewed a number of times before the insurer indicated that it would not renew the policy. In an effort to obtain a new insurance policy for Lex Village, Bagatta completed application materials. A

Bagatta employee obtained the information listed on an application, including building square footage, from an application for the prior policy.

The application was reviewed by a person working on behalf of the defendant Insurance Intermediaries, Inc. (hereinafter Intermediaries). Intermediaries was described as the brokerage division of Nationwide Insurance Company (hereinafter Nationwide), or a "managing general agent." Basically, if a Nationwide agent could not place business with Nationwide, then Intermediaries would try to place the business with another carrier. The defendant Scottsdale Insurance Company (hereinafter Scottsdale), a Nationwide subsidiary, was one such other carrier.

Once Scottsdale approved, Intermediaries bound coverage and issued a policy. The Scottsdale insurance policy insuring Lex Village had a policy period from July 22, 2007, to July 22, 2008. The building and personal property coverage form included a coinsurance condition. After coverage was bound, Intermediaries ordered an inspection of the premises to be performed by the defendant Overland Solutions, Inc. (hereinafter Overland). Overland's inspection report was sent to Intermediaries and to Scottsdale.

On March 1, 2008, a fire damaged building #5 of the Lex Village complex. After a claim was submitted, Scottsdale conducted an investigation. Ultimately, it was discovered that the square footage of the buildings, including the square footage of building #5, was understated on the application. The investigation also revealed that the square footage of the buildings listed on Overland's inspection report was inaccurate. As a result, the buildings were not insured for their full replacement value. In accordance with the limits of its policy, Scottsdale paid Lex Village $528,919.68 for the damage to building #5.

Lex Village, individually and on behalf of all unit owners in building #5, commenced this action against Scottsdale, Overland, LIMS, Intermediaries, and Bagatta. Lex Village sought to recover, among other damages, the sum of $1,325,082.44, allegedly representing the full replacement value of the damaged premises.

In the order appealed from, the Supreme Court, inter alia, denied the separate motions of Scottsdale and Overland for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, denied LIMS's separate motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and on its cross claim for common-law indemnification insofar

as asserted against Bagatta, and denied Intermediaries' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and on its cross claim for common-law indemnification insofar as asserted against Bagatta and Overland. Scottsdale, Overland, LIMS, and Intermediaries each separately appeal. We modify.

The Supreme Court properly denied Scottsdale's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In support of its motion, Scottsdale submitted evidence that it paid Lex Village for the damage to building #5 in accordance with its policy limits, and argued that Lex Village was not entitled to the equitable remedy of reformation to recover the full replacement value of the damaged premises. "In the proper circumstances, mutual mistake or fraud may furnish the basis for reforming a written agreement" (*Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]). "In a case of mutual mistake, the parties have reached an oral agreement and, unknown to either, the signed writing does not express that agreement" (*id.* at 573). A party seeking reformation must "show in no uncertain terms, not only that mistake or fraud exists, but exactly what was really agreed upon between the parties" (*George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219 [1978]). Reformation has also been allowed in insurance cases "where the insured's premises are not as described in the policy but the insurer has not shown that it would not have insured the premises had it known the true facts" (*Testa v Utica Fire Ins. Co.*, 203 AD2d 357, 358 [1994]). Here, Scottsdale offered evidence that it would have declined the application to insure the plaintiff had it known the truth about the loss history of the plaintiff's premises, the age of the buildings, and the type of wiring installed. However, these submissions failed to demonstrate, prima facie, that Scottsdale would not have issued a policy affording coverage for the full replacement value of building #5 had it known the true facts regarding the size and value of that building. Accordingly, Scottsdale failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it (*see Testa v Utica Fire Ins. Co.*, 203 AD2d at 358).

The Supreme Court properly denied Overland's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. "To prove a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty, a breach of that duty, and that the breach of such duty was a proximate cause of his or her injuries" (*Fox v*

*Marshall*, 88 AD3d 131, 135 [2011]). "Generally, it is for the trier of fact to determine the issue of proximate cause. However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011] [citations omitted]). An occurrence may have more than one proximate cause (*see id.* at 889; PJI 2:70). In opposition to Overland's prima facie showing of its entitlement to judgment as a matter of law, Lex Village raised a triable issue of fact as to whether any negligence on Overland's part was a proximate cause of Lex Village's injuries.

The Supreme Court properly denied LIMS's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and on its cross claim for common-law indemnification insofar as asserted against Bagatta. LIMS failed to show its prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The plain language of the agreement between Lex Village and LIMS does not support LIMS's assertion that it was the responsibility of an insurance consultant, and not LIMS, to procure proper insurance coverage for Lex Village. Moreover, LIMS failed to show its prima facie entitlement to judgment as a matter of law on its cross claim for common-law indemnification insofar as asserted against Bagatta.

However, Intermediaries established, prima facie, its entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it. "A finding of negligence may be based only upon the breach of a duty. If, in connection with the acts complained of, the defendant owes no duty to the plaintiff, the action must fail. Although juries determine whether and to what extent a particular duty was breached, it is for the courts first to determine whether any duty exists" (*Darby v Compagnie Natl. Air France*, 96 NY2d 343, 347 [2001]). Here, Intermediaries established, as a matter of law, that it owed no duty to Lex Village.

Given our determination granting those branches of Intermediaries' motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, we deny, as academic, that branch of Intermediaries' motion which was for summary judgment on its cross claim for common-law indemnification insofar as asserted against Bagatta and Overland (*see Stagno v 143-50 Hoover Owners Corp.*, 48 AD3d 548, 549-550 [2008]). Rivera, J.P., Chambers,

Sgroi and LaSalle, JJ., concur.