■ EL-AD 250 WEST LLC, Respondent, v ZURICH AMERICAN INSURANCE COMPANY, Appellant. [45 NYS3d 456]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about April 1, 2016, which, to the extent appealed from as limited by the briefs, denied defendant's motion for partial summary judgment declaring that plaintiff is not entitled under the insurance policy to recover for delay in completion damages, unanimously affirmed, without costs.

Ambiguity in the policy, coupled with extrinsic evidence tending to favor plaintiff's position, precludes a summary declaration that plaintiff is not entitled to recover for delay in completion damages (*see Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, 32 [1st Dept 1979], *affd* 49 NY2d 924 [1980]). The "Delay in Completion Coverage Schedule" states, "There shall be no Additional Named Insureds, unless otherwise endorsed," and the only named insured endorsed is plaintiff, EL-AD 250 West. However, the business address is shown as "c/o El Ad IDB Las Vegas, LLC," in Las Vegas, Nevada. The "Site Risk Assessment—Builders Risk" report prepared and reviewed by defendant before the policy was issued identifies "EL-AD IDB Las Vegas, LLC" as the parent company and the assessed company and refers to "EL-AD" as an established Nevada development company; it shows the maximum estimated loss potential for "Soft Cost/Delay" as $7 million, and there is no evidence that this figure is exclusive to plaintiff, as opposed to its affiliated entities. Moreover, it is undisputed that the policy

was intended "to insure against risks attendant to a commercial construction project on a specified parcel of property" (*New York Cas. Ins. Co. v Shaker Pine*, 262 AD2d 735, 736 [3d Dept 1999]), and there is evidence in the record indicating that defendant intended to insure the project knowing that the different tiers of financing would be allocated among various "El-Ad" entities. Concur—Acosta, J.P., Mazzarelli, Feinman and Webber, JJ.