Lola Roberts Beauty Salon, Inc. v Leading Ins. Group Ins. Co., Ltd. (2018 NY Slip Op 02605)





Lola Roberts Beauty Salon, Inc. v Leading Ins. Group Ins. Co., Ltd.


2018 NY Slip Op 02605


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-10009
 (Index No. 2135/12)

[*1]Lola Roberts Beauty Salon, Inc., appellant, 
v
Leading Insurance Group Insurance Co., Ltd., et al., respondents.


Joseph A. Deliso, Brooklyn, NY, for appellant.
Chartwell Law Offices, LLP, New York, NY (Matthew Kraus of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of an insurance contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (David Elliot, J.), entered August 6, 2015, as granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought consequential damages.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff sustained water damage to the interior of its beauty salon due to a broken sprinkler pipe in a vacant space above its beauty salon. Pursuant to a business owners insurance policy in effect at the time of the occurrence, the plaintiff notified its insurance carrier, the defendant LIG Insurance Company, Ltd., of the loss. Thereafter, the plaintiff remained closed in anticipation of repairs. Shorty after the water leak, the Buildings Department issued a stop work order to the plaintiff's landlord. The stop work order prevented the plaintiff from securing the necessary permits for remedial work. About 3½ months after the water leak, the defendants made a partial advance payment of insurance proceeds to the plaintiff. At the time, the stop work order was still in place, and the plaintiff did not take any measures to lift it. The plaintiff did not use the advance payment to repair the salon, and the salon never reopened.
The plaintiff commenced this action, alleging, among other things, that the defendants breached the business owners insurance policy and the implied covenant of good faith and fair dealing by failing to timely investigate, adjust, and settle its insurance claim, and that their failure resulted in the demise of its business. The plaintiff sought, among other things, consequential [*2]damages. Subsequently, the defendants moved, inter alia, for summary judgment dismissing the plaintiff's claim for consequential damages. The Supreme Court, among other things, granted that branch of the defendants' motion. The plaintiff appeals.
Consequential damages are damages that do not directly flow from a breach of contract (see Biotronik A.G. v Conor Medsystems Ireland, Ltd., 22 NY3d 799, 805; Rose Lee Mfg. v Chemical Bank, 186 AD2d 548, 551). Proximate cause is an essential element of a breach of contract cause of action (see Jorgensen v Century 21 Real Estate Corp., 217 AD2d 533, 534). "[E]very contract contains an implied covenant of good faith and fair dealing" (Refreshment Mgt. Servs. Corp. v Complete Off. Supply Warehouse Corp., 89 AD3d 913, 915). In an insurance contract context, consequential damages resulting from a breach of the implied covenant of good faith and fair dealing may be asserted, "so long as the damages were within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting" (Panasia Estates, Inc. v Hudson Ins. Co., 10 NY3d 200, 203 [internal quotation marks omitted]; see Pandarakalam v Liberty Mut. Ins. Co., 137 AD3d 1234, 1235). "Consequential damages, designed to compensate a party for reasonably foreseeable damages, must be proximately caused by the breach" (Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 193 [internal quotation marks omitted]). "Generally, it is for the trier of fact to determine the issue of proximate cause. However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Lexington Vil. Condominium v Scottsdale Ins. Co., 136 AD3d 645, 649 [internal quotation marks omitted]; see Faust v Gerde, 150 AD3d 1204, 1204-1205).
Here, the defendants established, prima facie, that their alleged injurious conduct in handling the plaintiff's claim was not a proximate cause of the plaintiff's loss of business. It was undisputed that the stop work order issued shortly after the water leak, for reasons unrelated to the defendants, prevented the plaintiff from securing the necessary work permits prior to ceasing operations permanently. Under these circumstances, even assuming that the manner in which the defendants handled the plaintiff's insurance claim was in breach of their express and implied duties, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the request for consequential damages (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; cf. Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d at 193, 195-196). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to raise a triable issue of fact (Zuckerman v City of New York, 49 NY2d 557, 562; see Javaheri v Old Cedar Dev. Corp., 84 AD3d 881, 887). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought consequential damages.
MASTRO, J.P., BALKIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court