■ FARMLAND MARKET CORP., Respondent, v NORTH RIVER INSURANCE Co. et al.,. Appellants, et al., Defendant. — Judgment of the Supreme Court, New York County (J. Dier, J.), entered August 2, 1982 and amended February 7, 1983, which, after jury trial, awarded plaintiff damages against defendants insurers for losses sustained in a fire on its premises, modified, on the law, solely to the extent of reversing those portions of the judgment which calculated interest due from the date of loss and directing a recalculation of the interest payable commencing 60 days after proofs of loss were submitted by plaintiff, and otherwise affirmed, with costs.

The trial court's reliance upon section 172 of the Insurance Law in calculating interest from the date of loss was erroneous. Section 172 simply provides that the failure of an insured to file proofs of loss shall not be deemed to invalidate any claim of the insured unless after such loss the insurer gives written notice that it desires proofs of loss and the insured thereafter fails to submit such proofs. Thus it simply protects the insured's claim when he has not filed a proof of loss and the insurer has not requested submission of such claim.

The policies involved herein, in conformity with section 168 of the Insurance Law, provide: "The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company". Plaintiff filed its proofs of loss with defendants on March 15, 1978. By the express terms of the policies then, the amount of loss for which the defendants are liable was not payable until 60 days thereafter.

Interest upon a loss payable under a fire insurance policy is not recoverable before the payment of principal is due pursuant to the policy (see 31 NY Jur, Insurance, § 1396). Accordingly, interest herein should be calculated as of 60 days after the submission of the proofs of loss by plaintiff.

Settle order. Concur — Kupferman, J. P., Ross, Asch, Fein and Alexander, JJ.