■ DANIEL A. ZIELINSKI et al., Respondents, v ASSOCIATED MUTUAL INSURANCE COMPANY, Appellant. ALEXANDER VILAGY et al., Respondents, v ASSOCIATED MUTUAL INSURANCE COMPANY, Appellant. [629 NYS2d 894] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: There is no merit to the contention of defendant that Supreme Court erred in reforming the contract of insurance (see, Crivella v Transit Cas. Co., 116 AD2d 1007; Court Tobacco Stores v Great E. Ins. Co., 43 AD2d 561). Defendant offered only the conclusory testimony of its president concerning underwriting practices with respect to applicants with similar histories; that testimony is insufficient to establish that defendant would have rejected the application for insurance if it had known all the facts (see, Winnick v Equitable Life Assur. Socy., 110 AD2d 314, lv denied 67 NY2d 605; see also, Cutrone v American Gen. Life Ins. Co., 199 AD2d 1032; Sonkin Assocs. v Columbian Mut. Life Ins. Co., 150 AD2d 764; Wittner v IDS Ins. Co., 96 AD2d 1053).

We agree with defendant, however, that the court erred in awarding interest to plaintiffs. The contract of insurance provides that defendant "will pay adjusted claims within thirty (30) days after presentation and acceptance of the proofs of loss". Interest on a loss payable on an insurance policy is not recoverable before the payment of principal under that policy is due (see, 71 NY Jur 2d, Insurance, § 1752; see also, Farmland Mkt. Corp. v North Riv. Ins. Co., 105 AD2d 602, 603, affd 64 NY2d 1114). A proof of loss with regard to the contents of the building was submitted by plaintiff Daniel A. Zielinski, on behalf of plaintiff Bankruptcy Estate of JSZ Enterprises (JSZ Enterprises), and received by defendant on April 11, 1988. JSZ Enterprises, therefore, is entitled to interest on its judgment from 30 days after submission of that proof of loss. We, therefore, modify the judgment on appeal by providing that

interest on the judgment granted in favor of JSZ Enterprises in the amount of $30,000 is to run from May 11, 1988.

Zielinski (owner/mortgagor) and plaintiffs Alexander Vilagy, Lester Vilagy and Elizabeth J. Molnar (mortgagees) concede that they are not, as a matter of law, entitled to interest based on the insurance contract, but, rather, seek interest in the court's discretion based on their equitable claims for reformation (see, CPLR 5001). Those plaintiffs seek reformation because the named insured on the policy was JSZ Enterprises, the building tenant, rather than Zielinski, the owner of the property. The mortgagees, despite having the policy in their possession for over two years, failed to have the mortgagor added as the named insured to protect their interests. The record fails to show that defendant had any knowledge that the named mortgagee was a mortgagee of the owner, as opposed to the named insured. Given those facts, we conclude that the mortgagor and the mortgagees are not entitled to interest. We, therefore, further modify the judgment by vacating the award of interest on the judgment granted in favor of Zielinski in the amount of $23,418.69 and on the judgment granted in favor of Alexander Vilagy, Lester Vilagy and Elizabeth J. Molnar in the amount of $116,581.31.

We have reviewed the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Reform Contract.) Present—Green, J. P., Lawton, Callahan, Balio and Boehm, JJ.