OPINION OF THE COURT
Rolando T. Acosta, J.
Defendant moves for an order granting summary judgment in his favor upon the ground that plaintiff, a bicyclist who was allegedly hit by defendant’s car, did not sustain a “serious injury” as a result of the accident, as required by Insurance *665 Law § 5102. Because defendant’s motion for summary judgment was not timely filed, the motion requires the court to consider, as a preliminary matter, the scope of its discretion, conferred by the 1996 amendment to CPLR 3212 (a), to decide the merits of a belated summary judgment motion upon a showing of “good cause”. In this case, the moving party’s only claim of “good cause” is that the underlying motion has substantial merit.
CONTENTIONS OF THE PARTIES
Defendant (the moving party) does not dispute that his motion for summary judgment was filed more than 120 days after the filing of the note of issue and that therefore the motion was untimely under CPLR 3212 (a). Defendant argues that the merits of his motion should be addressed nonetheless because “the motion is meritorious and presents an opportunity to save judicial resources.” According to defendant, this constitutes “good cause” under CPLR 3212 (a) for his failure to timely file the motion.
In support of his argument, defendant relies upon Professor David D. Siegel’s Practice Commentary (1996 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:12, 1997-1998 Interim Pocket Part, at 60-61). In his Commentary, Professor Siegel argues that courts, in the exercise of their “broad discretion”, should permit parties to avoid, on “good cause” grounds, the time constraints imposed by the 1996 amendment to CPLR 3212 (a), where it appears that “there is really a good potential for summary judgment”. (Siegel, op. cit., at 61.) Although Professor Siegel recognized that the 1996 amendment was intended to discourage delays in making summary judgment motions, he complained that “[floreclosing the opportunity for a summary judgment motion in a sense punishes the whole court system by keeping a case alive when an earlier arrangement for a decent funeral is possible.” (Ibid.)* Siegel’s rationale was recently adopted by Judge Straniere in Kudrowitz v City of New York (NYLJ, Aug. 11, 1998, at 24, col 6 [Civ Ct, Richmond County]).
Plaintiff, on the other hand, argues that regardless of the alleged merit of the motion, leave to extend the statutory deadline should not be granted because defendant has failed to allege any reason at all — and certainly no reason constituting “good cause” — for failing to timely file the motion.
*666 DISCUSSION
The 1996 amendment to CPLR 3212 (a) provides, in pertinent part, that a motion for summary judgment “shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown.” The amendment, introduced at the request of the Chief Administrative Judge, was a remedial measure designed to eliminate, as much as possible, the practice of filing summary judgment motions on the eve of trial “in an attempt to delay a case or to secure transfer of the case to a different judge for trial” — a practice which “disrupt [ed] court calendars” and was “inequitable to the party served with a belated * * * motion” since that party “may already have spent time and money preparing for trial.” (Mem of Senate in Support, 1996 McKinney’s Session Laws of NY, at 2433.)
Significantly, the Legislature’s enactment of the 1996 amendment evinces a clear intent to encourage the prompt filing of summary judgment motions and to discourage the type of delays which occurred under the then-current practice. For this reason, courts “are not likely to find ‘good cause’ for the delay too readily”, as Professor Siegel acknowledged. (Siegel, 1996 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C3212:12, 1997-1998 Interim Pocket Part, at 61.)
Furthermore, the plain language of the amendment reflects a legislative policy determination that “leave” must be sought prior to the filing of a belated motion and thus necessarily prior to the court’s consideration of the merits of the motion. Under these circumstances and in light of the plain language of the statute and the clear intent of the Legislature, this court finds that a showing that a belated summary judgment motion is meritorious is insufficient alone to constitute a showing of “good cause” under CPLR 3212 (a). “[G]ood cause”, as used in CPLR 3212 (a), refers not to the alleged strength of the belated motion but to the reason (i.e., the “cause”) for filing the motion belatedly. (See, e.g., Popular Constr. v New York City School Constr. Auth., NYLJ, July 21, 1998, at 24, col 3 [Sup Ct, Kings County] [“defendant has demonstrated ‘good cause’ for its delay” in filing the motion for summary judgment motion (emphasis added)]; Surace v Lostrappo, 176 Misc 2d 408, 410 [Sup Ct, Nassau County] [“Good cause is a written expression or explanation by the party or his legal representative evincing a viable, credible reason for delay, which, when viewed objectively, warrants a departure or exception to the timeliness requirement” (emphasis added)].)
*667 Although this court’s discretion to find “good cause” may be extremely broad, it is not unbridled. In light of the intent and the language of the amendment, the exercise of that discretion should be based, at the very least, upon a reason that is substantially related to the party’s failure to file the motion within the 120-day period.
Indeed, if courts were permitted to find good cause to extend the statutory deadline based solely upon the perceived strength of a belated motion for summary judgment (rather than the reason for failing to timely file the motion), the legislatively determined deadline would be effectively supplanted or swallowed by the exception to the rule, since virtually every litigant claims that his motion is meritorious. Such an approach would effectively abrogate the 120-day requirement, invite a return to the practice of filing summary judgment motions on the eve of trial, and effectively create a blanket exception for parties filing meritorious, though late, summary judgment motions — a result wholly inconsistent with the Legislature’s intent.
This is not to say that courts should always refrain from assessing the merits of an untimely motion for summary judgment in determining whether “good cause” is shown for its belated filing. If, for example, a movant claims that she filed her motion beyond the 120-day period because new law or facts entitling her to summary judgment have since emerged or have been discovered subsequent to the passage of the deadline, courts may, of course, consider the merit of the underlying motion inasmuch as it would be inextricably interwoven with the very reason for the delayed filing. (See, e.g., Garcia v Travis Realty Corp., NYLJ, Jan. 21, 1998, at 25, col 5 [Sup Ct, NY County] [good cause found where discovery continued after the filing of the note of issue and certain parties were impleaded immediately prior to the filing of the note of issue]; see also, Lipshie, Restriction on Eve of Trial Motions a Boon to Case Management, NYLJ, Dec. 23, 1997, at 1, col 1, at 6, col 6 [in determining whether to extend the 120-day period, courts should “treat each case individually” since, inter alia, “in some cases * * * disclosure continues even after a note of issue has been filed”].)
Where the underlying merit of a motion has nothing to do with the reason the motion is belatedly filed, however, CPLR 3212 (a) does not give this court discretion to extend the deadline based upon the merit of the motion alone. (But see, Putnam v Karaco Indus. Corp., NYLJ, Aug. 6, 1997, at 27, col *668 6 [Sup Ct, Westchester County] [“Good cause is demonstrated herein by reason of the fact that the issue presented on the motion relates to one of law * * * and it makes no sense to deny the motion as untimely only for the trial court to ultimately have to rule on a legal question that should have been resolved before trial”].)
Further, the court disagrees with defendant’s and Professor Siegel’s claim that judicial resources would be “saved” by cutting to the chase and addressing the merit of the dispositive motion. As reluctant as the court is to disagree with the learned Professor Siegel, his claim that it “ill serves * * * the courts to keep [a] case alive” when there is a genuine basis for granting summary judgment on a belated motion (Siegel, 1996 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:12, 1997-1998 Interim Pocket Part, at 61), is not only wrong but is also contrary to the legislative determination. Although extending the deadline may very well save judicial resources in this particular case, a loose or liberal reading of the “good cause” language would not save judicial resources in the long term. Once litigants get wind of the fact that they could, with relative ease, dispense with the 120-day requirement, we will not be far from a return to the day when litigants file llth-hour motions “in an attempt to delay a case or to secure transfer of the case to a different judge for trial.” (Mem of Senate in Support, 1996 McKinney’s Session Laws of NY, at 2433.) Indeed, only strict enforcement of the 120-day requirement would effectively further the legislative goal of the amendment — which is to encourage the prompt filing of summary judgment motions and “avoid disruption to the hearing of cases”. (Ibid.)
In its wisdom, the Legislature, urged by the Chief Administrative Judge, determined that the way to accomplish that goal was to impose a time-definite period within which such motions should be filed, tempered only by an exception for good cause shown. This court cannot set aside that policy determination on the mere ground that the underlying motion may have merit.
Accordingly, good cause for the belated filing of the motion has not been shown here. Defendant’s motion for summary judgment is therefore denied.

 As an alternative to refusing to extend the time for the submission of a summary judgment motion, Professor Siegel suggests the imposition of monetary penalties upon the dilatory movant. (Ibid.)