■ FREDERICK CAPIZZI et al., Respondents, et al., Plaintiff, v SECURITY MUTUAL INSURANCE COMPANY, Appellant, et al., Defendant. (Appeal No. 1.) [678 NYS2d 704] —Appeal unanimously dismissed without costs (*see*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Monroe County, Stander, J.— Interest.) Present—Pine, J. P., Lawton, Pigott, Jr., Callahan and Boehm, JJ.

■ FREDERICK CAPIZZI et al., Respondents, et al., Plaintiff, v SECURITY MUTUAL INSURANCE COMPANY, Appellant, et al., Defendant. (Appeal No. 2.) [677 NYS2d 838] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Property owned by plaintiffs Frederick Capizzi and Kathleen Capizzi (Capizzis) and subject to a mortgage held by plaintiff Beneficial Finance Homeowner Service Corporation (Beneficial) sustained fire damage on April 10, 1995. The property was insured against fire loss by defendant Security Mutual Insurance Company (Security Mutual). The policy contained a standard mortgage clause providing that any loss be first payable to the mortgagee to the extent of its interest.

After Security Mutual disclaimed coverage, plaintiffs commenced this action seeking, *inter alia*, $30,064.66 for fire loss damages. Supreme Court granted plaintiffs' cross motion for partial summary judgment on liability against Security Mutual, and on May 21, 1997, Beneficial submitted a proof of loss to Security Mutual in the amount of $30,064.66. On June 5, 1997, Security Mutual paid that amount to Beneficial, which

applied it to the Capizzis' mortgage. Although the balance of the mortgage exceeded the amount of $30,064.66, the court awarded interest to the Capizzis on that amount from the date of the fire to the date of payment to Beneficial. That was error. No interest was due to Beneficial or the Capizzis.

"Interest upon a loss payable under a fire insurance policy is not recoverable before the payment of principal is due pursuant to the policy" (*Farmland Mkt. Corp. v North Riv. Ins. Co.*, 105 AD2d 602, 603, *affd* 64 NY2d 1114; *see, Zielinski v Associated Mut. Ins. Co.*, 217 AD2d 938; *Rosenblatt v Washington County Coop. Ins. Co.*, 191 AD2d 883, 885). The insurance policy provided that "[a]n insured loss will be payable 45 days after a satisfactory proof of loss is received". Beneficial received full payment within 45 days after submission of the proof of loss, and thus no interest was due. As the mortgagee of the property, Beneficial was entitled to payment directly from Security Mutual to the extent of Beneficial's interest, not exceeding the policy limit (*see, Sportsmen's Park v New York Prop. Ins. Underwriting Assn.*, 97 AD2d 893, 894, *affd* 63 NY2d 998; *Grady v Utica Mut. Ins. Co.*, 69 AD2d 668, 673). As the mortgagors, the Capizzis were entitled to be paid only to the extent that the loss exceeded the mortgage balance (*see, Sportsmen's Park v New York Prop. Ins. Underwriting Assn.*, *supra*, at 894). Because the balance on the mortgage exceeded the amount of the fire loss, the Capizzis had no claim to the insurance proceeds or any interest accruing thereunder. We therefore modify the judgment by vacating the interest awarded on the amount of the insurance proceeds of $30,064.66. (Appeal from Judgment of Supreme Court, Monroe County, Stander, J.—Interest.) Present—Pine, J. P., Lawton, Pigott, Jr., Callahan and Boehm, JJ.