■ CAIATI OF WESTCHESTER, INC., Respondent, v GLENS FALLS INSURANCE COMPANY, Appellant. [696 NYS2d 474] —In an action to recover damages for breach of an insurance contract, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered June 22, 1998, as granted that branch of the plaintiff's motion which was for interest on an appraisal award as of June 26, 1995, and (2) from a judgment of the same court, dated August 12, 1998, which awarded the plaintiff interest in the principal sum of $65,248.86.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, so much of the order entered June 22, 1998, as granted that branch of the plaintiff's motion which was for interest on the appraisal award as of June 26, 1995, is vacated, and that branch of the plaintiff's motion is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Based on the unambiguous terms of the "loss payment" provision of the subject insurance policy, the defendant, Glens Falls Insurance Company (hereinafter Glens Falls), was not obligated to pay the disputed amount of the plaintiff's loss until 30 days after the appraisal award was made. Since Glens Falls timely paid the appraisal award, it did not breach the insurance contract (*see, Rubin v Williams,* 245 AD2d 181; *Catalogue Serv. v Insurance Co.,* 74 AD2d 837; *Cohen v New York Prop. Ins. Underwriting Assn.,* 65 AD2d 71). Moreover, the Supreme Court erred in awarding the plaintiff prejudgment interest on the appraisal award. Interest upon the loss payable under an insurance policy is not recoverable before the payment of the principal is due pursuant to the policy (*see, Capizzi v Security Mut. Ins. Co.,* 254 AD2d 783; *Farmland Mkt. Corp. v North Riv. Ins. Co.,* 105 AD2d 602, 603, *affd* 64 NY2d 1114; *see also, Buttignol Constr. Co. v Allstate Ins. Co.,* 22 AD2d 689, *affd* 17 NY2d 476). Bracken, J. P., O'Brien, Friedmann and Goldstein, JJ., concur.