■ Lorraine M. Szabo, Respondent, v XYZ, Two Way Radio Taxi Association, Inc., Appellant, et al., Defendant. [700 NYS2d 179] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered January 28, 1999, denying defendant-appellant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

At a compliance conference on July 30, 1998 in this personal injury action involving a pedestrian knockdown, defendants' deadline to move for summary judgment was fixed by court order as "within 60 days of note of issue." Plaintiff filed a note of

issue and statement of readiness on August 27 and served defendant on that date by mail. The next day, on August 28, 1998, plaintiff filed a corrected note of issue, which was served that same day by mail. Defendant XYZ thereafter, on October 30, 1998, moved for summary judgment dismissing the complaint on the ground, *inter alia*, that plaintiff's alleged injury did not meet the threshold showing of "serious injury", as required by Insurance Law § 5102 (d). Plaintiff opposed the motion on the ground of untimeliness as well as on the merits. The IAS Court denied the motion as untimely, fixing August 27, 1998, the date the note of issue was filed, as the critical date for the running of the 60 days. The court did not address the issue of whether the threshold showing of serious injury had been met. We reverse and dismiss the complaint.

Contrary to the IAS Court's view, the 60-day period cannot be construed to run from the date of the unilateral act of filing a note of issue where, as here, defendants, by virtue of plaintiff's service of the notice by mail, cannot be charged with knowledge of the triggering event commencing the 60 days, i.e., the filing of the note of issue, until the service by mail is completed. Since plaintiff chose to serve the notice by mail, defendants, pursuant to CPLR 2103 (b) (2), were entitled to an additional five days. (*See, Levy v Schaefer*, 160 AD2d 1182, 1183.) Measuring from August 28, 1998 with the additional five days, defendants had until November 1, 1998, a Sunday, to move. By virtue of General Construction Law § 25-a (1), the deadline was, by operation of law, extended to November 2, 1998. Thus, the motion was timely.

As to the merits, plaintiff asserts that she suffered a "medically determined injury or impairment of a non-permanent nature which prevent[ed her] from performing substantially all of the material acts which constitute [her] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment." (Insurance Law § 5102 [d].) While she was absent from work on a full time basis for two full weeks after the accident, she was thereafter able to work half days, with periodic days off. In our view, this, even when coupled with the limitations she asserts with respect to "detailed computer work" and her inability to "hold little things the way [she] used to", does not meet the "substantially all" standard, which requires a showing that the plaintiff's activities have been restricted "to a great extent rather than some slight curtailment" (*Licari v Elliott*, 57 NY2d 230, 236.) In addition, "the statutory 90/180-day period of disability require-

ment * * * should be considered a necessary condition to the application of the statute." (*Supra,* at 236.) That threshold has not been met in this case either. Concur—Sullivan, J. P., Tom, Rubin, Andrias and Buckley, JJ.