■ SAM CHIN, Appellant, v BORDEN HOUSE CONDOMINIUM et al., Respondents. CITIBANK, N. A., Third-Party Plaintiff, v NEW LIFE CLEANING CONTRACTORS, Third-Party Defendant-Respondent. [721 NYS2d 345] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about January 12, 2000, which, in a slip and fall action, granted the motions for summary judgment by defendants Borden House Condominium and Citibank, N. A. dismissing the complaint and cross claims against them, granted the cross motions by defendant City of New York and third-party defendant New Life Cleaning Contractors for summary judgment dismissing the complaint and cross claims and, with respect to New Life, the third-party complaint, and denied the cross motion by plaintiff for leave to amend the summons and complaint to include New Life Cleaning Contractors as a defendant in the main action, unanimously affirmed, without costs.

The action was properly dismissed in view of the meteorological evidence showing that the precipitation ended at about the time plaintiff slipped and fell on the sidewalk, and in absence of any evidence showing that any of defendants had undertaken to remove the newly deposited snow and/or ice (see, Abaya v City of New York, 257 AD2d 446). Plaintiff's speculation that defendants' employees may have shoveled snow or ice was insufficient to create a question of fact warranting denial of defendants' motions for summary judgment (cf., Jiuz v City of New York, 244 AD2d 298).

The denial of plaintiff's cross motion was proper given plaintiff's delay in seeking leave to amend and the evident absence of any basis for plaintiff to hold New Life Cleaning Contractors liable (see, Whalen v 50 Sutton Place S. Owners,

276 AD2d 356, 358). Concur—Sullivan, P. J., Nardelli, Williams and Saxe, JJ.