■ HARRY LUCIANO et al., Respondents, v APPLE MAINTENANCE & SERVICES, INC., Appellant. [734 NYS2d 153] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about January 24, 2001, which denied defendant's summary judgment motion as untimely, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

CPLR 3212 (a), as amended (eff Jan. 1, 1997), requires a motion for summary judgment to be made within 120 days of the filing of note of issue, "except with leave of court on good cause shown." Plaintiffs filed their note of issue on June 15, 2000. The mailing of that notice to defendant's counsel extended the deadline for action an additional five days (*see*, CPLR 2103 [b] [2]; *Szabo v XYZ, Two Way Radio Taxi Assn.*, 267 AD2d 134, 135), to October 19. Defendant's motion for summary judgment, which included a request for expansion of time to make such a motion, was dated October 25. In denying the motion, the IAS court noted that a request for extension of time should have preceded the deadline, and called for strict adherence to the 120-day limit, "even where unforeseen circumstances cause this deadline to expire before the motion is served."

There is ample precedent for wide latitude afforded a trial court in exercising its discretion to entertain a late motion for summary judgment (*Samuel v A.T.P. Dev. Corp.*, 276 AD2d 685, 686-687, *lv denied* 96 NY2d 708), even on the eve of trial (*Quinlan v Kaufman*, 258 AD2d 453), in the interest of judicial economy and particularly where the opposing party has not manifested any prejudice from the delay (*Goodman v Gudi*, 264 AD2d 758; *Rossi v Arnot Ogden Med. Ctr.*, 252 AD2d 778, 779-780). What constitutes "good cause" for failure to file a summary judgment motion within the statutory period refers

less to the merits of the motion than to the reason for the untimeliness (*see, John v Bastien*, 178 Misc 2d 664). This principle would apply regardless of the length of the delay, so long as reasonable in the exercise of the trial court's discretion (*cf., Samuel v A.T.P. Dev. Corp., supra*, where the motion was served 141 days after filing of note of issue). The motion here was accompanied by an adequate explanation from defendant's attorney for the de minimis delay of six days.

In opposing the motion, plaintiffs interposed an extensive affirmation addressing the merits and offering a complete factual and legal argument, focusing upon the pleadings and the deposition testimony of both the injured plaintiff and defendant's employee who was directly involved with the maintenance of the premises. Only the most fleeting reference (in but 1 of 40 paragraphs) was made to the motion's alleged untimeliness, and yet, the IAS court based its decision entirely on that procedural point.

In the interest of judicial economy—specifically, the disposition of a threshold, potentially determinative issue prior to trial (*Brunetti v City of New York*, 286 AD2d 253)—and the absence of a demonstration of prejudice by plaintiffs, the court should have entertained the summary judgment motion on its merits. In searching the record, we find that defendant had neither actual or constructive notice of an accumulation of water at the top of the parking lot stairwell at the start of its maintenance shift, nor any obligation to address such a problem under its clearly delineated contractual duties. Accordingly, defendant was entitled to summary judgment. Concur—Andrias, J. P., Wallach, Lerner, Rubin and Buckley, JJ.