■ MARCOS GARCIA et al., Appellants, v SIU YU WAN, Respondent. [738 NYS2d 648] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered on or about November 13, 2000, unanimously affirmed for the reasons stated by DeMarco, J., without costs and disbursements. No opinion. Concur—Williams, P.J., Nardelli, Andrias, Sullivan and Friedman, JJ.

■ FELINA CRUZ, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. [739 NYS2d 374] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about January 18, 2001, which granted the motion of defendant the New York City Transit Authority (TA) for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.

The motion court's decision to entertain defendant TA's belated summary judgment motion constituted a proper exercise of discretion. The TA presented a reasonable excuse for its delay and the motion was not made on the eve of trial (*see, Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 128), and thus neither disrupted the court's calendar nor left plaintiff without adequate time to frame a response (*see, id.*). In addition, since the motion addressed a threshold, potentially determinative matter, its consideration in advance of trial was in the interest of judicial economy (*see, Luciano v Apple Maintenance & Servs.*, 289 AD2d 90; *Brunetti v City of New York*, 286 AD2d 253). Indeed, the motion was meritorious and properly resulted in the dismissal of the complaint against the TA. The TA's unrebutted evidence, which established that it neither owned nor maintained the traffic island area where plaintiff fell, and that it was not responsible for the removal of snow and ice there, established the TA's prima facie entitlement to judgment as a matter of law (*see, Rodriguez v City of New York*, 269 AD2d 324, 325). Plaintiff's response, consisting of evidence that codefendant City of New York did not remove snow and ice from the subject area on the date in question, failed to raise any triable issue of fact as to whether TA employees either created or exacerbated the alleged ice hazard (*see, Chin v Borden House Condominium*, 281 AD2d 154; *cf., Beltran v New York City Tr. Auth.*, 271 AD2d 230).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Williams, P.J., Nardelli, Andrias, Sullivan and Friedman, JJ.