■ PERFUME & COSMETICS PALACE, INC., Appellant-Respondent, v CGU INSURANCE COMPANY, Respondent-Appellant. [744 NYS2d 19] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered September 28, 2001, after a nonjury trial, in an action by an insured against an insurer to recover on a policy of commercial property insurance, awarding plaintiff damages of $560,000 with interest from July 5, 1999, unanimously modified, on the law and the facts, to award plaintiff damages of $111,864 with interest from May 1, 2000, and otherwise affirmed, without costs.

The subject policy provided that inventory, whether sold or unsold, was to be valued on the basis of selling price, minus discounts and expenses. Plaintiff, a retailer of perfume products, claims that it lost most of its inventory and records in a fire, that it was selling its inventory at four times cost and was not offering discounts, and that its sales and corporate tax returns, which indicated that it was selling its inventory at less than cost, did not truly reflect a business that was in operation for only a few months before it was destroyed by the fire. The trial court found that the cost of the lost inventory was $540,000, which finding is not challenged on appeal, and that while plaintiff was selling such inventory at four times cost, significant discounting warranted a valuation at only two times cost. On appeal, defendant contends that such valuation was too high, given no substantiating documentation and tax returns showing that plaintiff was selling its merchandise at a

loss. We conclude that no fair interpretation of the evidence can support a finding that this business was selling, or had a reasonable prospect of selling, the lost inventory at a profit. The contrary testimony of plaintiff's witnesses is refuted by its tax returns, and, there being no suggestion that the returns are false, we give conclusive weight to the returns (*see, Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499). Subtracting the $500,000 previously paid on the claim, as did the trial court, we arrive at an award for lost inventory of $40,000. We also modify so as to apply a depreciation rate of 10% to the improvements valued at $51,771.79, and arrive at an award therefor of $46,595, but, absent evidence of depreciation rates for furniture, we leave undisturbed the balance of the award for furniture valued at $25,269. We also modify so as to award interest not from the date of the loss but from the date that plaintiff completed its document production (*cf., Farmland Mkt. Corp. v North Riv. Ins. Co.*, 105 AD2d 602, *affd* 64 NY2d 1114). Concur—Tom, J.P., Buckley, Ellerin, Wallach and Gonzalez, JJ.