■ KWADWO A. BOBI, Appellant, v SPIROS SOULANZOS, Respondent. [763 NYS2d 557] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered on or about July 26, 2002, which granted defendant's motion for summary judgment dismissing the complaint for failure to establish a serious injury as defined by Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated and the matter remanded for further proceedings.

Although the court properly exercised its discretion, under the circumstances, in entertaining defendant's untimely motion for summary judgment (CPLR 3212 [a]; see Cruz v City of New York, 292 AD2d 209 [2002]; Luciano v Apple Maintenance & Servs., 289 AD2d 90 [2001]), it erred in dismissing the complaint. Plaintiff's introduction of the abnormal results of several objective medical tests, along with his own affidavit, supported his allegation of a permanent limited range of motion of the cervical and lumbar spine and conflicted with defendant's initial prima facie showing of no objective medical basis for plaintiff's alleged injury. Consequently, plaintiff successfully raised a triable issue of material fact as to whether he suffered a serious injury, precluding summary disposition (Camilo v Forlini, 304 AD2d 386 [2003]; Ramos v Dekhtyar,

301 AD2d 428 [2003]; *Adetunji v U-Haul Co. of Wis.*, 250 AD2d 483 [1998]). Defendant's contention that there was a gap in the chiropractor's treatment of plaintiff, raised for the first time on appeal, is not preserved for our review (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 351 [2002]). Concur—Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Williams, JJ.