■ RONG RONG JIANG et al., Appellants, v MICHAEL TAN et al., Respondents. [783 NYS2d 557]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered March 26, 2004, which, to the extent appealed from, granted defendants' motion for summary judgment dismissing all but one cause of action and denied plaintiffs' cross motion to amend the complaint, unanimously affirmed, with costs.

As to the breach of contract claim, the contract and bill of sale for the restaurant specifically called for a sales price of $150,000 that could not be changed orally. The parol evidence rule bars admission of any prior or contemporaneous oral agreement that may vary or add to the terms of a fully integrated, written agreement (*SAA-A v Morgan Stanley Dean Witter & Co.*, 281 AD2d 201, 203 [2001]). Such evidence may not be used

to alter the purchase price as stated in the contract of sale. Furthermore, plaintiffs' corporate tax return was conclusive evidence of the sales price and its payment (see *Perfume & Cosmetics Palace v CGU Ins. Co.*, 295 AD2d 215, 216 [2002]).

The fraud claim was properly dismissed inasmuch as a contract action cannot be converted into one for fraud by merely alleging that the contracting party did not intend to satisfy a contractual obligation. New York permits an action for fraud in the inducement, but plaintiffs have failed to provide such proof, or reasonably justifiable reliance upon any alleged representations by defendants (see *Comtomark v Satellite Communications Network*, 116 AD2d 499, 500-501 [1986]).

The belated motion to amend the complaint was properly denied in light of plaintiffs' failure to offer any proof of the merit of the three additional claims.

We have considered plaintiffs' remaining arguments and find them without merit. Concur—Sullivan, J.P., Williams, Lerner and Sweeny, JJ.