■ THOMAS FAHRENHOLZ, Respondent, v SECURITY MUTUAL INSURANCE COMPANY, Appellant, and THE KREINER COMPANY, INC., Respondent. (Appeal No. 1.) [821 NYS2d 511]—Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered May 11, 2005. The order, among other things, granted those parts of the motion of plaintiff for summary judgment on the cause of action seeking reformation of a policy of insurance and partial summary judgment on liability on the cause of action for breach of contract.

Appeal from a judgment of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered September 6, 2005. The judgment, entered upon a jury verdict, awarded plaintiff the sum of $47,837.64 against defendant Security Mutual Insurance Company.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, reformation of a policy of insurance issued by defendant Security Mutual Insurance Company (Security Mutual) through its agent, defendant The Kreiner Company, Inc. (Kreiner). The policy covered residential property in the City of Buffalo that was damaged by fire. Supreme Court properly granted those parts of plaintiff's motion seeking summary judgment on the cause of action seeking reformation and partial summary judgment on liability on the cause of action for breach of contract. It is undisputed that the policy incorrectly identified the named insured as "Timothy R. Fahrenholz [the former owner of the property and plaintiff's deceased brother]% Thomas Fahrenholz [,i.e., plaintiff]." It also is undisputed that, following his brother's death, plaintiff acquired title to the property and paid the insurance premium. Plaintiff submitted evidence establishing that the policy correctly identified the property that Security Mutual agreed to insure (*see DeSantis v Dryden Mut. Ins. Co.*, 241 AD2d 916 [1997]). In addition, plaintiff submitted evidence establishing that, under the underwriting guidelines of Security Mutual, the identity of the insured was not a factor in evaluating the risk that Security Mutual agreed to cover (*see Zielinski v Associated Mut. Ins. Co.*, 217 AD2d 938 [1995]). "Having accepted plaintiff['s] premium payment, having intended to insure the very property it insured, and having asserted no reason for denying the assumption of risk in question, there is no justification for denying plaintiff[ ] the equitable remedy of reformation" (*Crivella v Transit Cas. Co.*, 116 AD2d 1007, 1008 [1986]). Because it is undisputed that Security Mutual failed to pay plaintiff for the fire loss, the court properly granted that part of plaintiff's motion seeking partial summary judgment on liability on the cause of action for breach of contract. In view of the award of summary judgment to plaintiff, moreover, the court properly granted that part of the cross motion of Kreiner seeking summary judgment dismissing Security Mutual's cross claims against it.

We reject the contention of Security Mutual that the court

erred in entertaining the motion and cross motion on the merits inasmuch as plaintiff and Kreiner failed to comply with CPLR 3212 (a) (*see generally Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]). Pursuant to that section, a party seeking summary judgment must do so within 120 days after the filing of the note of issue, "except with leave of court on good cause shown" (CPLR 3212 [a]). The court has broad discretion in determining whether the party seeking summary judgment has shown "good cause" for an untimely motion (*id.*; *see Burnell v Huneau*, 1 AD3d 758, 760 [2003]; *Luciano v Apple Maintenance & Servs.*, 289 AD2d 90 [2001]). Here, plaintiff's attorney provided an adequate explanation for the delay in an affirmation in support of the motion (*see Stimson v E.M. Cahill Co., Inc.*, 8 AD3d 1004, 1005 [2004]; *Luciano*, 289 AD2d at 91). The court also properly considered the merits of the cross motion inasmuch as it seeks relief nearly identical to the relief sought by plaintiff in his motion (*see generally Bressingham v Jamaica Hosp. Med. Ctr.*, 17 AD3d 496, 497 [2005]; *Miranda v Devlin*, 260 AD2d 451, 452 [1999]). Finally, the court properly exercised its discretion in awarding plaintiff interest on the verdict at the statutory rate, calculated from the date of the commencement of the action (*see* CPLR 5001 [a]; *cf. Zielinski*, 217 AD2d at 939). Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.