■ JOSEPH MOHEN, Appellant-Respondent, v VALERY STEPANOV et al., Defendants, and ANNA MOHEN, Respondent-Appellant. [873 NYS2d 687]—

In an action to recover damages for defamation and malicious prosecution, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated October 10, 2007, as granted those branches of the motion of the defendant Anna Mohen which were for summary judgment dismissing the fourth, fifth, and sixth causes of

action, and the defendant Anna Mohen cross-appeals, as limited by her brief, from so much of the same order as denied those branches of her motion which were for summary judgment dismissing the second and third causes of action insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the motion of the defendant Anna Mohen which were for summary judgment dismissing the fourth, fifth, and sixth causes of action are denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff initiated divorce proceedings against the defendant Anna Mohen (hereinafter the defendant) in August 2004. The couple's relationship during the months that followed was acrimonious. The plaintiff commenced this action to recover damages for malicious prosecution and defamation in February 2005. He alleged, inter alia, that the defendant had posted a defamatory message about him on an Internet bulletin board, that the defendant and her parents had sent a defamatory e-mail about him to the editor of the local newspaper, and that the defendant had made false accusations to the police, which caused him to be arrested and barred from his home for a period of time.

On or about February 21, 2007 the plaintiff served the defendant by mail with a copy of the note of issue, and filed the original note of issue on February 23, 2007. Pursuant to an order of the Supreme Court, motions for summary judgment were to be made within 90 days "of the filing of the Note of Issue." The defendant served a motion for summary judgment dismissing the complaint on May 25, 2007, i.e., 91 days after the note of issue was filed.

The Supreme Court incorrectly determined that the defendant's motion was timely under CPLR 2103 (b) (2). That statute provides that "where a period of time prescribed by law is measured from the *service* of a paper and service is by mail, five days shall be added to the prescribed period" (emphasis added). Both the order of the Supreme Court and CPLR 3212 (a) measure the period within which motions for summary judgment must be made as commencing upon the *filing* of the note of issue. Accordingly, CPLR 2103 (b) (2) does not extend the time within which such motions may be made (*see Coty v County of Clinton,* 42 AD3d 612, 613 [2007]). Thus, the defendant's motion was untimely.

Nonetheless, the Supreme Court providently exercised its discretion in determining the merits of the motion. At the time that the defendant served her motion, the Appellate Division, First Department, had rendered two decisions holding that CPLR 2103 (b) (2) extended the time in which a motion for summary judgment could be made under CPLR 3212 (a) when a copy of the note of issue was served by mail (*see Luciano v Apple Maintenance & Servs.*, 289 AD2d 90 [2001]; *Szabo v XYZ, Two Way Radio Taxi Assn.*, 267 AD2d 134, 135 [1999]). Since the Appellate Division, Third Department, did not render its contrary decision in *Coty v County of Clinton* until July 5, 2007, and there were no extant Appellate Division or Court of Appeals decisions contrary to *Luciano* and *Szabo* as of May 25, 2007, the date on which the defendant served her motion, the trial courts in this Department were bound, on that date, to follow the precedent established by the Appellate Division, First Department, with respect to this issue (*see Mountain View Coach Lines v Storms*, 102 AD2d 663, 664 [1984]; *cf. People v Turner*, 5 NY3d 476, 482 [2005]; *Nachbaur v American Tr. Ins. Co.*, 300 AD2d 74, 76 [2002], *cert denied sub nom. Moore v American Tr. Ins. Co.*, 538 US 987 [2003]; *People v Shakur*, 215 AD2d 184, 185 [1995]). Consequently, the defendant's reliance on the holding of *Luciano* and *Szabo* provided good cause for her delay (*cf.* CPLR 2004, 3212 [a]; *Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616 [2008]).

The Supreme Court correctly determined that both the e-mail and the Internet bulletin board messages contained statements that were reasonably susceptible of a connotation which could tend " 'to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society' " (*Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 379 [1977], quoting *Sydney v MacFadden Newspaper Publ. Corp.*, 242 NY 208, 211-212 [1926]; *see Matherson v Marchello*, 100 AD2d 233, 236 [1984]). The court also properly determined that the defendant failed to establish her entitlement to judgment as a matter of law as to whether she was responsible for the publication of either the email or the Internet bulletin board message (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In support of those branches of the defendant's motion which were for summary judgment dismissing the causes of action seeking damages arising from libel per se and slander per se, based upon her communications with the police, the defendant showed that the statements were protected by a qualified privi-

lege covering communications with police (*see Toker v Pollak,* 44 NY2d 211, 220 [1978]; *Levy v Grandone,* 14 AD3d 660, 662 [2005]; *Chapo v Premier Liq. Corp.,* 259 AD2d 1050, 1051 [1999]; *Towne Ford v Marowski,* 251 AD2d 1075, 1076 [1998]). The burden of proof thereafter shifted to the plaintiff to establish that the communications were not made in good faith, but were motivated solely by malice (*see Liberman v Gelstein,* 80 NY2d 429, 437 [1992]; *Golden v Stiso,* 279 AD2d 607, 608 [2001]). Contrary to the determination of the Supreme Court, the plaintiff raised a triable issue of fact as to whether the defendant falsely made the accusations solely to embarrass and harass him, and to adversely affect the ongoing divorce and custody proceedings (*cf. Rosenberg v MetLife, Inc.,* 8 NY3d 359, 365 [2007]; *Liberman v Gelstein,* 80 NY2d at 438). Moreover, the defendant's statements to the police could reasonably be understood to charge the plaintiff with the serious crime of assault, and thus constitute slander per se (*see Liberman v Gelstein,* 80 NY2d at 435; *Matherson v Marchello,* 100 AD2d at 236; *cf. Burdick v Verizon Communications,* 305 AD2d 1030, 1031 [2003]; *DeFilippo v Xerox Corp.,* 223 AD2d 846 [1996]).

Finally, the Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment dismissing the malicious prosecution cause of action. To obtain recovery for malicious prosecution, a plaintiff must establish that a criminal proceeding was commenced, it was terminated in favor of the accused, it lacked probable cause, and was initiated on the basis of actual malice (*see Martinez v City of Schenectady,* 97 NY2d 78, 84 [2001]; *Cantalino v Danner,* 96 NY2d 391, 394 [2001]; *Broughton v State of New York,* 37 NY2d 451, 457 [1975]). Here, there are triable issues of fact requiring the denial of summary judgment as to this cause of action. Rivera, J.P., Angiolillo, Carni and McCarthy, JJ., concur.