OPINION OF THE COURT
SCHOENFELD, J.
Judgment, entered on or about March 28, 2006, affirmed, with $25 costs.
The action arises from the sale of a cooperative apartment unit by plaintiffs assignor, as seller, to defendants, as purchasers, and centers on the seller’s payment at closing of a real estate transfer tax (see Tax Law § 1402-a). The record establishes that the seller’s payment of the tax was not required by either the governing statute (see Tax Law § 1402-a [b]) or the express terms of the contract of sale, which clearly and unambiguously made the tax payable by the defendant purchasers. Upon discovering within several weeks of the closing date that “a mistake had [been] made,” plaintiff — the law firm which represented the seller during the underlying transaction— reimbursed the seller for the full amount ($12,225) of the tax payment, took an assignment of the seller’s contractual rights, and sued defendants in breach of contract and unjust enrichment to recoup the tax payment.[1]
We sustain the judgment awarding plaintiff recovery of the disputed tax payment, but for reasons other than those stated by the trial court. As a member of the plaintiff law firm acknowledged on cross-examination, the allocation of the tax payment as between the parties to this real estate transaction was a matter capable of negotiation, and this even though the tax statute is couched in mandatory language (see Tax Law § 1402-a [b] [“the additional tax imposed by this section shall be paid by the grantee”]). We perceive no public policy reasons, and the trial court identified none, that would foreclose negotiation on the issue of the tax allocation (see generally and compare Matter of Patrolmen’s Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd., 6 NY3d 563, 571-573 [2006]).
*56 Although the allocation of the tax payment was negotiable, we agree that the proof adduced by defendants at trial was insufficient to establish that the parties effectively altered through negotiation the statutory directive that defendants, as purchasers, were to pay the tax. Where, as here, parties to a contract set down their agreement in a clear, complete document, their writing should be enforced according to its terms, particularly “in the context of real property transactions, where commercial certainty is a paramount concern” (Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004], quoting Matter of Wallace v 600 Partners Co., 86 NY2d 543, 548 [1995]). As noted, the contract of sale, consistent with the applicable tax statute, squarely placed the responsibility to cover the tax payment here at issue on defendants’ shoulders. There being no ambiguity in the contract of sale, and in view of the presence therein of broad merger and no-oral-modification clauses, the trial court properly rejected the first-named defendant’s unsubstantiated trial testimony that the seller had orally agreed to assume responsibility for the tax liability.[2] Had the parties intended to effectuate that result and shift responsibility for the statutory tax payment to the seller, they would have so modified the plain language of the contract of sale, which, the record shows, was the product of vigorous, arm’s length negotiations. Further, the tax entries on the HUD-1 settlement statement — a disclosure document, not a binding contract — did not serve to modify or amend the unambiguous tax payment provisions set forth in the contract of sale (see Cornelius v Fidelity Natl. Tit. Co., 2009 WL 596585, 2009 US Dist LEXIS 22674 [WD Wash 2009]; Koschene v Hutchinson, 73 Va Cir 103 [2007]; see generally 2 Warren’s Weed, New York Real Property § 25.30 [4] [5th ed]).
Nor is a proper basis to deny plaintiff restitution of the disputed tax payment found in the defendants’ alternative, unpleaded defense of mistake. In the absence of any claim or showing that defendants detrimentally changed their position as a result of the plaintiffs single, surplus tax payment, defendants may not reap a windfall by retaining the payment, even if the payment may be said to have resulted from negligence (see *57 Banque Worms v BankAmerica Intl., 77 NY2d 362, 366 [1991]; cf. Eighty Eight Bleecker Co., LLC v 88 Bleecker St. Owners, Inc., 34 AD3d 244 [2006] [plaintiff barred under voluntary payment doctrine from recovering alleged rent overcharges where it failed to make inquiry regarding lease rental terms for approximately 20 years]).
McKeon, RJ., Schoenfeld and Heitler, JJ., concur.

. On a prior appeal to this court, we determined that plaintiffs action is not champertous (see Deutsch Tane Waterman & Wurtzel, P.C. v Hochberg, 7 Misc 3d 131[A], 2005 NY Slip Op 50573[U] [2005]).

. While the first-named defendant wavered in his trial testimony as to the timing of his alleged discussions with the seller on the tax payment issue, the only reasonable view of the evidence is that any putative oral agreement on the matter was reached, if at all, prior to the contract’s execution, a conclusion which precludes consideration of parol evidence (see Rong Rong Jiang v Tan, 11 AD3d 373 [2004]).