■ Group IX, Inc., Appellant-Respondent, v Next Printing & Design Inc. et al., Respondents-Appellants, et al., Defendants. [909 NYS2d 434]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered January 8, 2010, which, upon reargument, granted in part and denied in part the motion by defendants Next Printing & Design Inc. and David Moyal for summary judgment dismissing the complaint, unanimously modified, on the law, to deny so much of the motion as was granted, and otherwise affirmed, without costs.

Defendants failed to file their motion within the 120 days specified by CPLR 3212 (a) and offered no reason for the delay. Thus, in its prior order, the court correctly denied the motion as untimely (*Brill v City of New York*, 2 NY3d 648 [2004]).

CPLR 2103 (b) (2), which provides that "where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall be added to the prescribed period," is inapplicable to the making of a summary judgment motion, for which the period prescribed by CPLR 3212 (a) is measured not by the service of a paper but by the filing of the note of issue.

To the extent that *Luciano v Apple Maintenance & Servs.* (289 AD2d 90 [2001]) and *Szabo v XYZ, Two Way Radio Taxi Assn.* (267 AD2d 134 [1999]), the cases on which the court relied in altering its determination on reargument, permit a five-day extension of the filing deadline for summary judgment motions pursuant to CPLR 2103 (b) (2), they should not be followed. *Luciano* and *Szabo* were decided before the Court of Appeals announced in *Brill* that courts may not consider the merits of an untimely summary judgment motion *for any reason* other than "good cause for the delay in making the motion" (2 NY3d at 652).

In view of the foregoing, we do not reach the parties' arguments as to the merits of the motion. Concur—Sweeny, J.P., Freedman, Richter, Manzanet-Daniels and Román, JJ.