U.S. Bank N.A. v Martinez (2020 NY Slip Op 02820)





U.S. Bank N.A. v Martinez


2020 NY Slip Op 02820


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-03782
 (Index No. 500367/14)

[*1]U.S. Bank National Association, etc., appellant,
v
Alberto Martinez, respondent, et al., defendants.


Woods Oviatt Gilman LLP, Rochester, NY (Michael T. Jablonski of counsel), for appellant.
Alice A. Nicholson, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated January 24, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew its opposition to the motion of the defendant Alberto Martinez for summary judgment dismissing the complaint insofar as asserted against him as barred by the statute of limitations, which had been granted in an order and judgment (one paper) of the same court dated October 31, 2016.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Alberto Martinez (hereinafter the defendant), on January 16, 2014. In February 2015, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him as barred by the statute of limitations, arguing that the entire debt was accelerated on December 6, 2007, when a prior action was commenced to foreclose the same mortgage. The plaintiff opposed the motion and moved, inter alia, for summary judgment on the complaint, to strike the defendant's answer and affirmative defenses, and for an order of reference. In an order and judgment (one paper) dated October 31, 2016, the Supreme Court, among other things, granted the defendant's motion, denied the plaintiff's motion, and dismissed the complaint.
In June 2017, the plaintiff moved, inter alia, pursuant to CPLR 2221(e) for leave to renew its opposition to the defendant's motion and, upon renewal, to vacate the order and judgment. The defendant opposed the motion. The Supreme Court denied that branch of the plaintiff's motion which was for leave to renew, and the plaintiff appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]). Here, in support of that branch of its motion which was for leave to renew, the plaintiff argued that two recent cases had effected changes in the law that would change the prior determination (see CPLR 2221[e][2]; Nationstar Mtge., LLC v MacPherson, 56 Misc 3d 339, 351 [Sup Ct, Suffolk County]; Emigrant Bank v Greene, 2015 NY Slip Op 31712[U] [Sup Ct, Queens County]). However, the holdings cited [*2]by the plaintiff have been rejected by New York appellate courts (see Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34; Capital One, N.A. v Saglimbeni, 170 AD3d 508, 509; HSBC Bank USA v Kirschenbaum, 159 AD3d 506, 507; see also Mohen v Stepanov, 59 AD3d 502, 504). Accordingly, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for leave to renew its opposition to the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
AUSTIN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court