Everhome Mtge. Co. v Aber (2021 NY Slip Op 03575)





Everhome Mtge. Co. v Aber


2021 NY Slip Op 03575


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-02788
 (Index No. 507839/15)

[*1]Everhome Mortgage Company, etc., appellant,
v
Nuchem Aber, et al., defendants, Equity Recovery Corporation, respondent.


McGlinchey Stafford, PLLC, New York, NY (Kristen D. Romano and Brian S. McGrath of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 29, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew (1) its opposition to the prior motion of the defendant Equity Recovery Corporation pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred, to cancel a notice of pendency filed against the subject property, and for summary judgment on its counterclaim pursuant to RPAPL article 15 to cancel and discharge of record the mortgage, and (2) those branches of the plaintiff's prior cross motion which were for summary judgment on the complaint insofar as asserted against the defendants Nuchem Aber and Equity Recovery Corporation, to strike their answer, and for an order of reference, which were determined in an order of the same court dated June 6, 2017.
ORDERED that the order dated December 29, 2017, is affirmed insofar as appealed from, without costs or disbursements.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]). Here, in support of the branch of its motion which was for leave to renew, the plaintiff argued that a recent case had effected a change in the law that would change the prior determination (see Nationstar Mtge., LLC v MacPherson, 56 Misc 3d 339, 351 [Sup Ct, Suffolk County]). However, the holding cited by the plaintiff has been rejected by New York appellate courts (see Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34; Capital One, N.A. v Saglimbeni, 170 AD3d 508, 509; HSBC Bank USA v Kirschenbaum, 159 AD3d 506, 507; see also Mohen v Stepanov, 59 AD3d 502, 504).
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court